# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MP PPH LLC | ) | Case No. 24-00246-ELG |
| | ) | (Chapter 11) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Vantage Management, Inc. | ) | |
| | ) | |
| Edgewood Management Company | ) | Adversary Proceeding No. |
| | ) | 24-10022-ELG |
| Movant (s) | ) | in the Bankruptcy Court |
| v. | ) | |
| | ) | |
| MP PPH, LLC | ) | |
| | ) | |
| Respondent (s). | ) | |

## <u>TRANSMITTAL OF WITHDRAWAL OF REFERENCE</u>

Transmitted herewith to the Clerk of the District Court for docketing in the District Court pursuant to Fed. R. Bankr. P. 8003(d)(2) is the Withdrawal of Reference in the above-captioned adversary proceeding.

**Documents related to the Withdrawal of Reference include:**

| DE# | Document | Filer |
|---|---|---|
| 1 | Complaint. | MP PPH, LLC. |
| 4 | Summons Service Executed on Vantage Management, Inc. | MP PPH, LLC. |
| 5 | Summons Service Executed on Edgewood Management Company. | MP PPH, LLC. |
| 6 | Stipulation By Edgewood Management Company and MP PPH, LLC. | Edgewood Management Company. |
| 9 | Motion for Withdrawal of Reference. | Edgewood Management Company, Vantage Management, Inc. |
| 12 | Amended Application/Motion. | Edgewood Management Company, Vantage Management, Inc. |

| 14 | Stipulation By Edgewood Management Company, Vantage Management, Inc. and *Extension of Time for Defendants to Respond to Complaint and for Plaintiff to Respond to Motion for Withdrawal of the Reference.* | Edgewood Management Company, Vantage Management, Inc. |
|---|---|---|
|  |  |  |
|  |  |  |

**Other comments:**

Movant designations filed at Docket Entries 9 and 12.
Respondent designations not filed with the Clerk.

Angela D. Caesar,
Clerk of the Court

Dated: 09/16/2024

By: /s/ Megan B.
Deputy Clerk

Mark W. Schweitzer (Bar No.451459)
Janet M. Nesse (Bar No. 358514)
Christopher L. Hamlin (Bar No. 04597)
McNamee Hosea, P.A.,
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
mschweitzer@mhlawyers.com
jnesse@mhlawyers.com
chamlin@mhlawyers.com
*Attorneys for Plaintiff MP PPH, LLC*

## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | * | |
| | | |
| MP PPH, LLC | * | |
| | | Case No. 23-00246 ELG |
| Debtor. | * | Chapter 11 |
| _____ | * | |
| MP PPH, LLC | | |
| 555 Broadhollow Road, Suite 200 | * | |
| Melville, New York 11747 | | |
| | * | |
| Plaintiff | | |
| v. | * | |
| | | |
| VANTAGE MANAGEMENT INC. | * | |
| 9711 Washington Blvd., Suite 200 | | |
| Gaithersburg, Maryland 20878 | * | Adv. Proceeding No. _____ |
| | | |
| Serve on: CT Corporation System | * | |
| 1015 15th Street NW, Suite 1000 | | |
| Washington, DC 20005 | * | |
| | | |
| and | * | |
| EDGEWOOD MANAGEMENT CORPORATION | | |
| 9711 Washington Blvd., Suite 200 | * | |
| Gaithersburg, Maryland 20878 | | |
| | * | |
| Serve on: CT Corporation System | | |
| 1015 15th Street NW, Suite 1000 | * | |
| Washington, DC 20005 | | |
| | * | |

1

Defendants                              *

_____

## **COMPLAINT**

Plaintiff MP PPH, LLC, by and through its attorneys, Mark W. Schweitzer, Janet M. Nesse, Christopher L. Hamlin and McNamee Hosea, P.A., pursuant to 11 U.S.C. §105 and Bankruptcy Rules 7001 *et seq.*, files this Complaint against Defendants Vantage Management, Inc., and Edgewood Management Corporation, and in support thereof states as follows:

### **Introduction**

1.     This adversary proceeding arises from the conduct of Defendants Vantage Management, Inc., and Edgewood Management Corporation regarding the management of a 674-unit apartment complex known as Marbury Plaza located at 2300-2330 Good Hope Road, SE Washington, D.C. 20020 (the "Property" or "Marbury Plaza"). The Property consists of nine buildings, including two eleven-story towers (Buildings "2300" and "2330") and seven garden-style buildings (Buildings "2302", "2304", "2306", "2312", "2316", "2320", and "2324").

2.     Marbury Plaza was constructed in 1968, and it was described as, inter alia, an "exceptional D.C. living experience" and "the best high-rise living in Southeast Wahington D.C." It commands a magnificent view of the city.

3.     Plaintiff MP PPH, LLC (the "Plaintiff") is the owner of the Property. Plaintiff purchased the Property in June 2015. The Property has approximately 2,500 tenants. The tenants include individuals who receive housing subsidies through various federal and state housing voucher programs.

4.     Defendant Vantage Management, Inc. ("Defendant Vantage") and Defendant Edgewood Management Corporation ("Defendant Edgewood") are residential rental property

managers. Defendants Vantage and Edgewood (collectively, the "Defendants") began their management of the Property in April 2015 and continued as property managers until October 2021.

5.       During Defendants' tenure as property managers, particularly beginning in 2017, the Property underwent significant physical deterioration, leading to claims of the accumulation of mold in apartments, insufficient and non-working heating and cooling systems, persistent water leaks, loss of the use of elevators and stairway chair lifts, defective electrical outlets, non-working laundry rooms, ongoing fire and safety violations, and closure of the swimming pool.

6.       Defendants Vantage and Edgewood failed to respond to concerns, to address these conditions or to conduct routine maintenance on the Property in spite of having substantial funds provided to upkeep the Property.

7.       Defendants' actions caused the Plaintiff to be charged with failing to provide adequate security for the residents of the Property.

8.       Defendants Vantage and Edgewood were terminated as property managers in October 2021. Since then, under new management, violations are being addressed, repairs are being made, and the condition of the Property has stabilized.

9.       As set forth herein, Plaintiff has incurred significant damages as a direct result of Defendants' actions and inactions

### The Parties

10.      Plaintiff MP PPH, LLC is a limited liability company organized under the laws of the State of Delaware. Plaintiff's principal place of business is located in the District of Columbia. Plaintiff filed a voluntary Chapter 11 petition on August 31, 2023, and has operated as the Debtor-in-Possession since that time.

11.      From 2015 through 2021, Defendant Vantage Management, Inc., was located at

9711 Washinton Boulevard, Gaithersburg, Maryland 20878. Defendant Vantage is one of three "Ford Family Companies" that have been providing property management services in the District of Columbia for over 40 years.

12.     From 2015 through 2021, Defendant Edgewood was located at 9711 Washinton Boulevard, Gaithersburg, Maryland 20878. Defendant Edgewood is also one of three "Ford Family Companies" that have been providing property management services in the District of Columbia for over 40 years. Defendant Edgewood has over 500 employees and manages approximately 200 properties in the eastern United States. At all times relevant hereto, Defendant Edgewood and Defendant Vantage shared the same leadership, ownership, and Board of Directors. Defendants Vantage and Edgewood managed the Property as one entity from April 2015 through October 2021. Defendant Edgewood and its employees in fact controlled and directed the management of the Property from April 2015 through October 2021.

## Jurisdiction and Venue

13.     Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1334 and 157(b).  This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(O) and Rule 7008 of the Bankruptcy Rules.

14.     Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Statement of Facts

15.     Plaintiff entered into a Management Agreement with Defendant Vantage dated April 27, 2015, as amended pursuant to the First Amendment to Management Agreement dated December 1, 2016, and the Second Amendment to Management Agreement dated March 1, 2021 (collectively, the "Management Agreement").  Pursuant to the terms of the Management Agreement, Defendant Vantage agreed to provide full management services for the Property. Defendant Edgewood, as alter ego of Defendant Vantage, was a party to the Management

Agreement, based upon its unity of interests with Defendant Vantage and its de facto control of the management of the Property.

16.     For the first two years, the Defendant maintained regular contact with the Plaintiff, through employees of Defendant Edgewood and Dr. Anothony Pilavas on behalf of the Plaintiff. Regular meetings were scheduled and expenditures for the property were approved, and the Property was in good standing.

17.     Defendants Vantage and Edgewood thereafter failed to properly manage the Property and allowed significant physical deterioration of the Property, causing the Plaintiff to be charged with many housing violations. All notices of violations were sent to the Defendants at their business address, not to the Property, or to the Plaintiff, and not to the principals of the Plaintiff.

18.     The District of Columbia Department of Consumer and Regulatory Affairs ("DCRA") performed multiple inspections of the Property from 2017 through November 2021. During this time, the DCRA asserted approximately 834 housing code violations that it alleged constituted serious threats to the life, health, safety, and security of the residents of the Property. The charged/violations included, inter alia, (i) serious and persistent water leaks and mold infestations; (ii) defective heating and air conditioning systems; (iii) mice, pest and bed bug infestations; (iv) holes and cracks in walls; (v) defective electrical outlets; (vi) loose and peeling paint; (vii) missing smoke detectors; (viii) missing carbon monoxide alarms; and (ix) defective and broken door locks on the Property.

19.     The Defendants failed to correct violations, failed to input into the DC violation system information confirming that violations had been corrected, failed to follow up with DC to

ensure that notices of violations were removed after corrections were made, and failed to track violations.

20.    The District asserted that the Property did not have proper operational stairway chair lifts and elevators designated for persons with disabilities. Defendants' claim of failure to provide such facilities or to request funds to provide and maintain them led to a claim that the lack of facilities caused a loss of use impaired the access of residents with disabilities to their apartments, parking garages and common areas of the Property The District also asserted that Defendants failed to properly maintain the swimming pool for the Property, which was closed due to such neglect. Causing a loss of use.

21.    Defendants also apparently maintained a policy of refusing to rent to individuals with housing vouchers and thereby discriminated against District residents with such vouchers, causing the Plaintiff to be charged with housing violations. This violation was the triggering event that brought the Property to the attention of the District.

22.    Defendants were charged with failing to maintain adequate security for the residents of the Property, thereby causing the Plaintiff to be charged.

23.     Defendants were notified and had knowledge of the asserted housing problems, property damage and deteriorating conditions at the Property from 2017 through 2021. Beginning in 2017, the DCRA performed multiple inspections of the Property and asserted 834 housing code violations on the Property. Defendants failed to address or correct the myriad problems on the Property or to track and obtain confirmation of such corrections. Defendants' indifference and neglect of their duties led to property damage deteriorating conditions of the Property, subjected Plaintiff to significant claims by the District for such violations, devaluation of the Property, and the imposition of rent reductions.

24.  Defendants also failed to advise Plaintiff of the hundreds of housing code violations issued by the DCRA regarding the Property, notice of which was sent to the Defendants. Plaintiff provided Defendants with substantial funds for maintenance and repairs of the Property, to be held in escrow by Defendants.  The funds were to be used as necessary by Defendants for ongoing maintenance and repairs of the Property. Despite this funding, Defendants repeatedly failed to perform required maintenance or repairs. As a result, Plaintiff has incurred significant damages.

25. On July 1, 2021, the District filed a Complaint for Violation of the Tenant Receivership Act and Consumer Protection Procedures Act in a case styled as <u>District of Columbia v MP PPH, LLC,</u> et al., Case No. 2021 CA 002209 B, in the Superior Court for the District of Columbia (the "Civil Case"). The District's claims against Plaintiff in the Civil Case arise from and are based upon the Defendants failure to provide management services as required under the Management Agreement and under the common law of the District.

26.     The District seeks damages against Plaintiff in excess of $20,000,000.00, rents have been withheld, the terms of the secured loan on the property have changed, and the value of the Property has deteriorated enormously because of the actions and inactions of the Defendants.

27.     Defendants' actions and inactions caused a loss of use of parts of the Property and of certain amenities including, but not limited to, the pool and the laundry rooms.

**<u>Defendant Edgewood is the Alter-Ego of Defendant Vantage</u>**.

28.  Upon information and belief, at all times relevant hereto, Defendant Vantage had no employees, staff, or personal property to enable it to provide services under the Management Agreement. Defendant Vantage was also inadequately capitalized and held *de minimis* assets, if any, at all times relevant hereto. All interactions of Plaintiff with Defendants was with Edgewood employees and correspondence was from Edgewood email addresses.

29.     Upon information and belief, at all times relevant hereto, Defendant Vantage's finances, policies and business practices were dominated and controlled by Defendant Edgewood's leaders, owners and Board of Directors, such that Defendant Vantage had no separate authority or existence of its own. Defendant Vantage also routinely disregarded corporate formalities, based on its lack of employees or staff.

30. Defendant Edgewood used its control and operation of Defendant Vantage to avoid liability arising from or related to the performance of management services. Accordingly, it would be inequitable and fundamentally unfair to allow Defendant Edgewood to avoid liability for the failure to properly manage the Property and the resulting harm to the Property, its tenants, and the Plaintiff. Based upon the foregoing, Defendant Edgewood is the alter-ego of Defendant Vantage, and Defendant Edgewood is liable for the acts, omissions and liabilities of Defendant Vantage as set forth herein.

<u>Count I</u>
<u>BREACH OF MANAGEMENT AGREEMENT</u>

31.     Plaintiff incorporates all prior paragraphs as if set forth herein, into this Count, and further states as follows:

32.     Pursuant to the terms of the Management Agreement, Defendants agreed to provide full management services for the Property.

33.     Defendants failed to provide management services for the Property as required under the Management Agreement.  Defendants failed to provide proper maintenance or perform necessary repairs and corrections to address the deteriorating conditions on the Property. Defendants' failure to maintain and repair the Property and/or to track corrections resulted in <u>inter alia</u>, assertions against the Plaintiff of (i) serious and persistent water leaks and mold infestations; (ii) defective heating and air conditioning systems; (iii) mice, pest and bed bug infestations; (iv)

holes and cracks in walls; (v) defective electrical outlets; (vi) loose and peeling paint; (vii) missing smoke detectors; (viii) missing carbon monoxide alarms; and (ix) defective and broken door locks on the Property.

34.    Defendants also engaged in discriminatory policies and conduct against tenants and potential tenants leading to a claim against the Plaintiff that started a cascade of District focus on the Property.

35.    Defendants failed to maintain adequate security for the residents of the Property, to advise the Plaintiff of security issues and to record and track corrective actions.

36.    Based upon Defendants' failure to properly repair and maintain the Property and to provide the requisite management services, Defendants breached the terms of the Management Agreement.

37.    Plaintiff has incurred damages as a direct and proximate result of Defendants' breach of the Management Agreement.

38.  Plaintiff has also incurred attorney's fees and costs as a direct and proximate result of Defendants' breach of the Management Agreement.

   **WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

**A.**    **ORDER** that judgment be entered on behalf of Plaintiff in the amount of not less than $20,000,000.00, against Defendants Vantage. and Edgewood jointly and severally, plus interest, fees, and costs; and further,

**B.**    **ORDER** that Plaintiff be awarded reasonable attorney's fees and cost against Defendants Vantage and Edgewood, as incurred in this matter; and

**C.**    **ORDER** such other and further relief as is just and appropriate.

## Count II

## INDEMNIFICATION

39.     Plaintiff incorporates all prior paragraphs as if set forth herein, into this Count, and further states as follows:

40.     Pursuant to the Management Agreement, Defendants expressly agreed to indemnify Plaintiff for claims arising from or related to the acts or omissions of Defendants "which are in breach of Defendants' obligations under the Management Agreement."

41.     Pursuant to the terms of the Management Agreement, Defendants agreed to provide full management services for the Property. Defendants failed to provide management services for the Property as required under the Management Agreement.  Defendants failed to provide proper maintenance of the Property, notice to the Plaintiff, and compliance with report requirements of the District resulting in claims of    inter alia, (i) serious and persistent water leaks and mold infestations; (ii) defective heating and air conditioning systems; (iii) mice, pest and bed bug infestations; (iv) holes and cracks in walls; (v) defective electrical outlets; (vi) loose and peeling paint; (vii) missing smoke detectors; (viii) missing carbon monoxide alarms; and (ix) defective and broken door locks on the Property. Defendants also engaged in discriminatory conduct against tenants and potential tenants.

42.     Defendants thereby breached the terms of the Management Agreement.

43.     On July 1, 2021, the District filed its Complaint for Violation of the Tenant Receivership Act and Consumer Protection Procedures Act in the Civil Case. The District's claims against Plaintiff in the Civil Case arise from and are based upon the Defendant's failure to provide management services as required under the Management Agreement. The District seeks damages against Plaintiff in excess of $20,000,000.

44.     Pursuant to the express terms of the Management Agreement, Defendants are

liable for indemnification of Plaintiff for all damages awarded to the District against Plaintiff in the Civil Case.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A.    ORDER that judgment be entered on behalf of Plaintiff MP PPH, LLC in the amount of not less than $20,000,000.00, against Defendants Vantage and Edgewood, jointly and severally, plus interest, fees, and costs; and

B.    ORDER that Plaintiff be awarded reasonable attorney's fees against Defendants Vantage and Edgewood, as incurred in this matter; and

C.    ORDER such other and further relief as is just and appropriate.

## Count III
## NEGLIGENCE

Plaintiff incorporates all prior paragraphs as if set forth herein, into this Count, and further states, as follows:

45.    Defendants acted as property managers for the Property from 2015 through 2021. As property managers, Defendants had a duty of care to Plaintiff to properly manage, maintain and preserve the Property.

46.    Defendants failed to provide proper maintenance of the Property, resulting in, inter alia, (i) serious and persistent water leaks and mold infestations; (ii) defective heating and air conditioning systems; (iii) mice, pest and bed bug infestations; (iv) holes and cracks in walls; (v) defective electrical outlets; (vi) loose and peeling paint; (vii) missing smoke detectors; (viii) missing carbon monoxide alarms; and (ix) defective and broken door locks on the Property. Defendants also engaged in discriminatory conduct against tenants and potential tenants.

47.    Defendants breached their duty of care to Plaintiff by failing to properly manage, maintain and preserve the Property.

48.    Defendants' failure to properly manage the Property did not meet the standard of care for Property Managers and did not comply with the laws of the District Defendants' failure to properly manage the Property was an utter failure to perform their manifest duty in disregard of the consequences of their conduct. Defendants' conduct constitutes negligence.

49.    Plaintiff incurred damages as a direct and proximate result of Defendants' negligence in the form of claims levied against the Plaintiff and diminution of the value of the Property.

50.    Defendants failed to notify plaintiff of a huge increase in real estate taxes assessment and failed to timely appeal that assessment, causing substantial monetary damages to the Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.  **ORDER** that judgment be entered on behalf of Plaintiff in the amount of not less than $20,000,000.00, against Defendants Vantage and Edgewood, jointly and severally, plus interest, fees, and costs; and,

B.   **ORDER** that Plaintiff MP PPH, LLC be awarded reasonable attorney's fees against Defendants Vantage Management, Inc. and Edgewood Management Corporation, as incurred in this matter; and

C.  **ORDER** such other and further relief as is just and appropriate.

## Count IV
### CONTRIBUTION

51.    Plaintiff incorporates all prior paragraphs as if set forth herein, into this Count, and further states, as follows:

52.     Defendants acted as property managers for the Property from 2015 through 2021. As property managers, Defendants had a duty of care to Plaintiff to properly manage, maintain and preserve the Property.

53.     Defendants failed to provide proper maintenance of the Property, resulting in, inter alia, (i) serious and persistent water leaks and mold infestations; (ii) defective heating and air conditioning systems; (iii) mice, pest and bed bug infestations; (iv) holes and cracks in walls; (v) defective electrical outlets; (vi) loose and peeling paint; (vii) missing smoke detectors; (viii) missing carbon monoxide alarms; and (ix) defective and broken door locks on the Property.. Defendants also engaged in discriminatory conduct against tenants and potential tenants.

54.     Defendants breached their duty of care to Plaintiff by failing to properly manage, maintain and preserve the Property.

55.     Defendants' failure to properly manage the Property was wanton and willful, and evidenced utter indifference to the rights of the Plaintiff as if such rights did not exist. Defendants' failure to properly manage the Property was an intentional failure to perform their manifest duty in reckless disregard for the consequences of their conduct. Defendants' conduct constitutes gross negligence.

56.     On July 1, 2021, the District filed its Complaint for Violation of the Tenant Receivership Acy and Consumer Protection Procedures Act in the Civil Case. The District's claims against Plaintiff in the Civil Case arise from and are based upon the Defendant's failure to provide management services as required under the Management Agreement. The District seeks damages against Plaintiff in excess of $20,000,000.00 for such violations.

13

57.     Based upon Defendant' negligence in failing to properly manage, maintain and preserve the Property, Defendants are liable to Plaintiff for contribution for all damages awarded to the District against Plaintiff in the Civil Case.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.     **ORDER** that judgment be entered on behalf of Plaintiff in the amount of not less than $20,000,000.00, against Defendants Vantage and Edgewood jointly and severally, plus interest, fees, and costs; and

B. **ORDER** that Plaintiff be awarded reasonable attorney's fees against Defendants Vantage Management, Inc., and Edgewood Management Corporation, as incurred in this matter; and

C. **ORDER** such other and further relief as is just and appropriate.

# Count V
## VICARIOUS LIABILITY

58.     Plaintiff incorporates all prior paragraphs as if set forth herein, into this Count, and further states, as follows:

59.      Upon information and belief, at all times relevant hereto, Defendant Vantage had no employees, staff, or personal property to enable it to provide services under the Management Agreement. Defendant Vantage was also inadequately capitalized and held *de minimis* assets, if any, at all times relevant hereto. All interactions of Plaintiff with Management Company was with Edgewood employees and correspondence was from Edgewood email addresses.

60.     Upon information and belief, at all times relevant hereto, Defendant Vantage's finances, policies and business practices were dominated and controlled by Defendant Edgewood's leaders, owners, and Board of Directors, such that Defendant Vantage had no separate authority or existence of its own. Defendant Vantage also routinely disregarded corporate formalities, based

on its lack of employees or staff.

61. Defendant Edgewood directed all actions of Vantage, retained Vantage as an entity to perform services, paid all obligations associated with Vantage and, therefore, is vicariously liable for the actions of Vantage.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.  **ORDER** that judgment be entered on behalf of Plaintiff in the amount of not less than $20,000,000.00, against Defendants Vantage and Edgewood plus interest, fees, and costs; and further,

B.  **ORDER** that Plaintiff be awarded reasonable attorney's fees against Defendants Vantage and Edgewood, as incurred in this matter; and

C. **ORDER** such other and further relief as is just and appropriate.

## Count VI
## TORTIOUS INTERFERENCE WITH CONTRACT.

62.     Plaintiff incorporates all prior paragraphs as if set forth herein, into this Count, and further states, as follows:

63.      Upon information and belief, at all times relevant hereto, Defendant Vantage was a named party to the Management Agreement.

64.     Defendant Edgewood was fully aware of the contract and acted in a way, providing inadequate personnel, and supervision to cause Vantage to breach its contract.

65.     Defendant Edgewood knew that its actions were substantially likely to cause Vantage to breach its contract with the Plaintiff.  Defendant Vantage was also inadequately capitalized and held *de minimis* assets, if any, at al

66.     As a result of the actions of Edgewood in causing Vantage to breach its contract, Plaintiff sufferance losses due to claims by the District of Columbia, diminution in value of the

15

Property and decreased rental income.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

**A. ORDER** that judgment be entered on behalf of Plaintiff in the amount of not less than $20,000,000.00, against Defendant Edgewood plus interest, fees and costs.

**B. ORDER** that Plaintiff MP PPH, LLC be awarded reasonable attorney's fees against Defendant Edgewood as incurred in this matter; and

**C. ORDER** such other and further relief as is just and appropriate.

## Count VII
## GROSS NEGLIGENCE

67.    Plaintiff incorporates all prior paragraphs as if set forth herein, into this Count, and further states, as follows:

68.    Defendants acted as property managers for the Property from 2015 through 2021. As property managers, Defendants had a duty of care to Plaintiff to properly manage, maintain and preserve the Property.

69.    Plaintiff has been charged by the District with failure to provide proper maintenance of the Property, resulting in, inter alia, (i) serious and persistent water leaks and mold infestations; (ii) defective heating and air conditioning systems; (iii) mice, pest and bed bug infestations; (iv) holes and cracks in walls; (v) defective electrical outlets; (vi) loose and peeling paint; (vii) missing smoke detectors; (viii) missing carbon monoxide alarms; and (ix) defective and broken door locks on the Property. All such charges are the result of the negligent actions and inactions of the Defendants. Defendants also engaged in discriminatory conduct against tenants and potential tenants.

70.    Defendants breached their duty of care to Plaintiff by failing to properly manage, maintain and preserve the Property and to keep Plaintiff apprised pf developments on the Property.

16

71.    Defendants' failure to properly manage the Property was wanton and willful, and evidenced utter indifference to the rights of the Plaintiff as if such rights did not exist. Defendants' failure to properly manage the Property was an intentional failure to perform their manifest duty in reckless disregard for the consequences of their conduct. Defendants' conduct constitutes gross negligence.

72.    Plaintiff incurred damages as a direct and proximate result of Defendants' gross negligence in the form of claims against the Plaintiff by the District, loss of rental income, loss of use of portions of the property and deterioration of the value of the Property.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

**B.**     **ORDER** that judgment be entered on behalf of Plaintiff MP PPH, LLC in the amount of not less than $20,000,000.00, against Defendants Vantage Management, Inc., and Edgewood Management Corporation, jointly and severally, plus interest, fees and costs; and further,

**B.**   **ORDER** that Plaintiff be awarded reasonable attorney's fees against Defendants Vantage and Edgewood as incurred in this matter; and

**C.**   **ORDER** such other and further relief as is just and appropriate.

## Count VIII
### FRAUD

73.    Plaintiff incorporates all prior paragraphs as if set forth herein, into this Count, and further states, as follows:

74.     Upon information and belief, at all times relevant hereto, Defendant Vantage had no employees, staff, or personal property to enable it to provide services under the Management Agreement. Defendant Vantage was also inadequately capitalized and held *de minimis* assets, if any, at all times relevant hereto

17

75.   Plaintiff was fraudulently induced to enter into a contract with Vantage. Vantage's situation was never disclosed, and Plaintiff was led to believe that it was a functioning competent company.

76. After entry into the contract. Defendant Edgewood directed all actions of Vantage,

77. After inducing Plaintiff to enter into this contract. Edgewood managed Vantage in an incompetent, inadequate fashion, believing that it was safe from repercussions, because it was not the contracting party and had schemed to be protected.

78.   Defendants actively concealed from Plaintiff the contents and existence of a 2020 subpoena served on them from the District of Columbia asserting problematic conditions at the Project thereby causing actual damage to the Plaintiff, which continued to retain Defendants without knowledge of their performance issues.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

**A.     ORDER** that judgment be entered on behalf of Plaintiff in the amount of not less than $20,000,000.00, against Defendants Vantage and Edgewood plus interest, fees, and costs; and further,

**B. ORDER** that Plaintiff be awarded reasonable attorney's fees against Defendants Vantage and Edgewood, as incurred in this matter; and

**C. ORDER** that Plaintiff be awarded punitive damages.

**D. ORDER** such other relief as is just and appropriate.

Dated:  June 28, 2024                                Respectfully submitted,

                                                   McNAMEE, HOSEA, P.A.

                                                 /s/ Janet M. Nesse
                                               Mark W. Schweitzer (#451459)
                                             Janet M. Nesse (#35814)
                                             Christopher L. Hamlin (#04597)
                                           McNamee Hosea, P.A.,
                                           6404 Ivy Lane, Suite 820
                                           Greenbelt, MD 20770
                                           mschweitzer@mhlawyers.com
                                           jnesse@mhlawyers.com
                                           chamlin@mhlawyers.com

                                             Attorneys for Plaintiff MP PPH, LLC

**United States Bankruptcy Court for
the District of Columbia**

In re:  MP PPH LLC

                    Debtor

Bankruptcy Case No: 23-00246-ELG

Chapter: 11

MP PPH LLC


                    Plaintiff

v.

Edgewood Management Company


                    Defendant

Adv. Proceeding No:    24-10022-ELG

**Scheduling Conference:  9/4/2024 at 10:00**

**SUMMONS IN AN ADVERSARY PROCEEDING**

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to complain within 35 days.

| Address of the Clerk: | Clerk's Office<br>U.S. Bankruptcy Court<br>333 Constitution Avenue NW<br>Washington, DC 20001 |
|---|---|

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and address<br>of Plaintiff's Attorney: | Janet M. Nesse<br>McNamee Hosea, P.A.,<br>6404 Ivy Lane<br>Ste 820<br>Greenbelt, MD 20770 |
|---|---|

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a scheduling conference in this matter will be held in Courtroom 1 and via Zoom (email Aimee_Mathewes@dcb.uscourts.gov for meeting information)  on  9/4/2024 at 10:00 AM.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

Angela Caesar
Clerk of the Bankruptcy Court

7/2/2024
Date

By:_____ /s/ Aimee Mathewes _____
Deputy Clerk

## CERTIFICATE OF SERVICE

I, __Theresa Mackey__ (name), certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this summons and a copy of the complaint was made __7-3-24__ (date) by:

☑ Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:

__VANTAGE MANGEMENT, c/o CT Corporation System 1015 15th Street, N.W., Suite 1000, Washington, DC 20005__

☐ Personal Service: By leaving the process with defendant or with an officer or agent of the defendant at:

☐ Residence Service: By leaving the process with the following adult at:

☐ Publication: The defendant was served as follows: [Describe briefly]

☐ State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]     (name of state)

Under penalty of perjury, I declare the foregoing is true and correct

__7-3-24__
Date

_____
Signature

Print Name __Theresa Mackey__
__6404 Ivy Lane, Suite 820__
Business Address
__Greenbelt__          __Maryland__          __20770__
City                State              Zip

**United States Bankruptcy Court for
the District of Columbia**

In re: MP PPH LLC

Debtor

Bankruptcy Case No: 23-00246-ELG

Chapter: 11

---

MP PPH LLC

Plaintiff

v.

Vantage Management, Inc.

Defendant

Adv. Proceeding No:    24-10022-ELG

**Scheduling Conference: 9/4/2024 at 10:00**

**SUMMONS IN AN ADVERSARY PROCEEDING**

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to complain within 35 days.

| Address of the Clerk: | Clerk's Office
U.S. Bankruptcy Court
333 Constitution Avenue NW
Washington, DC 20001 |
| --- | --- |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and address
of Plaintiff's Attorney: | Janet M. Nesse
McNamee Hosea, P.A.,
6404 Ivy Lane
Ste 820
Greenbelt, MD 20770 |
| --- | --- |

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a scheduling conference in this matter will be held in Courtroom 1 and via Zoom (email Aimee_Mathewes@dcb.uscourts.gov for meeting information)  on  9/4/2024 at 10:00 AM.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

Angela Caesar
Clerk of the Bankruptcy Court

7/2/2024
Date

By: ___/s/ Aimee Mathewes___
Deputy Clerk

## CERTIFICATE OF SERVICE

I, _Theresa Mackey_ (name), certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this summons and a copy of the complaint was made _7-3-24_ (date) by:

☑ Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:
Edgewood MANAGEMENT Corporation
c/o CT Corporation Systema, 1015 15th Street, N.W.,
Suite 1000, WASHINGTON, D.C. 20005

☐ Personal Service: By leaving the process with defendant or with an officer or agent of the defendant at:

☐ Residence Service: By leaving the process with the following adult at:

☐ Publication: The defendant was served as follows: [Describe briefly]

☐ State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]                    (name of state)

Under penalty of perjury, I declare the foregoing is true and correct.

_____        _____
Date                        Signature

Print Name Theresa Mackey
14404 Ivy Lane, Suite 820
Business Address
Greenbelt            Maryland    20770
City                 State       Zip

GREENSTEIN DELORME & LUCHS, P.C.
Richard W. Luchs (DC Bar #243931)
Alexandria J. Smith (DC Bar #1781067)
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400; Fax (202) 452-1410
Email: rwl@gdllaw.com; ajs@gdllaw.com
*Counsel for Vantage Management Inc.*
*and Edgewood Management Corporation*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: | Case No. 23-00246 ELG |
| MP PPH, LLC | Chapter 7 |
| *Debtor.* | |
| MP PPH, LLC, | |
| *Plaintiff,* | |
| v. | |
| VANTAGE MANAGEMENT INC., ET AL. | |
| *Defendant.* | Adv. Pro. No. 24-10022-ELG |

## STIPULATION EXTENDING THE DEADLINE TO FILE ANSWER OR OTHERWISE RESPOND

The Parties have agreed that the deadline to reply or otherwise respond to the Complaint

shall be August 16, 2024, which date may be extended by further agreement of the Parties or

order of the Court:

1.      This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  A signature transmitted by facsimile or other electronic copy shall be deemed an original signature for purposes of this Stipulation.

2.      This Stipulation contains the entire agreement by and among the Parties with response to the Reply Deadline, and all prior understandings or agreements, if any, are merged into this Stipulation.

3.      The undersigned counsel hereby attest that they are duly authorized by their respective clients to enter into this Stipulation.

4.      This Stipulation may be changed, modified, or otherwise altered in a writing executed by the Parties.  Oral modifications are not permitted.

5.      This Stipulation shall be effective immediately upon execution by the Parties.

6.      The Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

**SEEN AND CONSENTED TO:**

MCNAMEE HOSEA, P.A.

__/s/ Janet Nesse_____
Janet M. Nesse (DC Bar 358514)
McNamee Hosea, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420
jnesse@mhlawyers.com
*Counsel to MP PPH, LLC*

- and -

GREENSTEIN DELORME & LUCHS, P.C.

_/s/ Alexandria Smith_____
Richard W. Luchs (DC Bar #243931)
Alexandria J. Smith (DC Bar #1781067)
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400; Fax (202) 452-1410
Email: rwl@gdllaw.com; ajs@gdllaw.com
*Counsel for Vantage Management Inc.*
*and Edgewood Management Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of July, 2024, a true copy of the foregoing

Stipulation Extending the Deadline to File an Answer or Otherwise Respond was served

electronically and a Notice of Electronic filing should be sent to all persons receiving notices via

the Court's CM/ECF system.

/s/ Alexandria J. Smith_____
Alexandria J. Smith

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>MP PPH, LLC<br><br>*Debtor.* | Case No. 23-00246 ELG<br><br>Chapter 7 |
| MP PPH, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>VANTAGE MANAGEMENT INC.,<br><br>*Defendant.* | Adv. Pro. No. 24-10022-ELG |
| MP PPH, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>EDGEWOOD MANAGEMENT CORPORATION,<br><br>*Defendant.* | |

## ORDER APPROVING STIPULATION EXTENDING THE DEADLINE TO FILE ANSWER OR OTHERWISE RESPOND

Upon considerations of the Partes' Stipulation Extending the Deadline to File Answer or Otherwise Respond, and the Court having determined that good and adequate cause exists for approval of the Stipulation; it is hereby ORDERED that:

1. The Stipulation is approved.

2. This Court retains jurisdiction with respect to all matters arising from or related to the Stipulation and this Order.

**END OF ORDER**

We ask for this:

MCNAMEE HOSEA, P.A.

_/s/ Janet Nesse_____
Janet M. Nesse (DC Bar 358514)
McNamee Hosea, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420
jnesse@mhlawyers.com
*Counsel to MP PPH, LLC*

- and -

GREENSTEIN DELORME & LUCHS, P.C.

_/s/ Alexandria Smith_____  ____
Richard W. Luchs (DC Bar #243931)
Alexandria J. Smith (DC Bar #1781067)
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400; Fax (202) 452-1410
Email: rwl@gdllaw.com; ajs@gdllaw.com
*Counsel for Vantage Management Inc.
and Edgewood Management Corporation*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>MP PPH, LLC<br><br>*Debtor.* | Case No. 23-00246 ELG<br><br>Chapter 11 |
| MP PPH, LLC,<br><br>    *Plaintiff,*<br><br>      -*vs*-<br><br>VANTAGE MANAGEMENT INC. and EDGE-WOOD MANAGEMENT CORPORATION,<br><br>    *Defendants.* | Adv. Pro. No. 24-10022-ELG |

## DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE

Pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure, Rule 7 of the Local Rules of Practice for the United States District Court for the District of Columbia, and Rule 5011-2 of the Local Rules of the United States Bankruptcy Court for the District of Columbia, Defendants Vantage Management Inc. and Edgewood Management Corporation (collectively, "Defendants"), by and through their undersigned counsel, request that the Court withdraw the reference of the above-captioned adversary proceeding from the United States Bankruptcy Court for the District of Columbia to the United States District Court for the District of Columbia.

In support of this Motion, the Defendants rely on the accompanying Memorandum of Points and Authorities.

Dated: August 7, 2024                    Respectfully Submitted,

                                         **WERNER AHARI MANGEL LLP**


                                         By:_____*s/Gabriela Richeimer*_____
                                              Gabriela Richeimer (DC Bar No. 462520)

                                         2112 Pennsylvania Avenue, NW
                                         Suite 200
                                         Washington, District of Columbia 20037
                                         (202) 599-1092
                                         gricheimer@wam.law
                                         *Counsel for Defendants Vantage Management Inc.*
                                         *and Edgewood Management Corporation*


## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2024, I caused a copy of the foregoing, and all accompa-

nying papers, to be served via the CM/ECF system on all counsel of record.


                                         *s/ Gabriela Richeimer*
                                         Gabriela Richeimer

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE:

MP PPH, LLC

*Debtor.*

Case No. 23-00246 ELG

Chapter 11

MP PPH, LLC,

*Plaintiff,*

*-vs-*

VANTAGE MANAGEMENT INC. and
EDGEWOOD MANAGEMENT CORPORATION,

*Defendants.*

Adv. Pro. No. 24-10022-ELG

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE

Defendants Vantage Management Inc. ("Vantage") and Edgewood Management Corporation ("Edgewood") (together, the "Defendants"), by and through their undersigned counsel, file this Memorandum of Points and Authorities in support of their Motion to Withdraw the Reference (the "Motion").

## INTRODUCTION

MP PPH, LLC ("Plaintiff") filed this breach of contract and tort action on June 28, 2024, as an adversary proceeding related to Plaintiff's Chapter 11 bankruptcy case, which was commenced on August 31, 2023. The adversary proceeding, is, at its heart, a contract dispute between Plaintiff—the owner of a certain Washington, D.C. apartment complex—and its long-ago property manager, Vantage. Plaintiff also names as a defendant Edgewood, a company formerly (but no longer) related to Vantage with no connection to the claims in this case. In the adversary

proceeding Plaintiffs assert causes of action for: (1) breach of contract, (2) indemnification, (3) negligence, (4) contribution, (5) vicarious liability, (6) tortious interference with contract, (7) gross negligence, and (8) fraud.

Cause exists for withdrawing the reference for this adversary proceeding, pursuant to 28 U.S.C. § 157(d), for several reasons.

*First*, Defendants seek to withdraw the reference in the early stages of litigation of the adversary proceeding—at a time when the Bankruptcy Court has not yet become familiar with the facts of the dispute. Withdrawing the reference at this stage would promote judicial efficiency and economy. That is because the District Court could fully adjudicate the disputes at the earliest stage of litigation separate from the bankruptcy proceeding, allowing the Bankruptcy Court to solely focus on the bankruptcy issues and avoid managing a case that does not draw on the particular expertise of the Bankruptcy Court. Further, withdrawing the reference at this early stage could prevent the parties and courts from taking duplicative efforts to resolve the claims (as the Bankruptcy Court's findings and conclusions are subject to *de novo* review by the District Court).

*Second*, this adversary proceeding is not "core" to the bankruptcy, and therefore, the Bankruptcy Court lacks jurisdiction to enter final judgment on Plaintiff's claims. Removing the dispute would allow the District Court to familiarize itself with the facts underlying the dispute at an early stage, promoting an efficient adjudication of the matter.

*Finally*, the Defendants have a right to a jury trial on Plaintiff's claims, and Defendants respectfully do not consent to a jury trial in the Bankruptcy Court.

## BACKGROUND

1. On August 31, 2023, Plaintiff filed a voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, in the Bankruptcy Court, docketed as *In re MP PPH,*

*LLC*, No. 23-00246-ELG.

2.      Vantage was the property manager for a 674-unit apartment complex known as Marbury Plaza located at 2300-2330 Good Hope Road, SE, Washington, D.C. 20020 (the "Property" or "Marbury Plaza"). *See* Doc. 1,[1] at ¶¶ 1, 4.

3.      Plaintiff owns the Property. *See id.* at ¶ 3.

4.      Plaintiff and Vantage entered into a Management Agreement dated April 27, 2015, as amended pursuant to the First Amendment to Management Agreement dated December 1, 2016, and the Second Amendment to Management Agreement dated March 1, 2021 (collectively, the "Management Agreement"). *See id.* at ¶ 15.

5.      Vantage terminated the Management Agreement in 2021.

6.      On July 1, 2021, the District of Columbia Office of the Attorney General filed a complaint against Plaintiff and Vantage for Violation of the Tenant Receivership Act and Consumer Protection Procedures Act, *District of Columbia v MP PPH, LLC, et al.*, Case No. 2021 CA 002209 B, in the Superior Court for the District of Columbia (the "OAG Lawsuit"). *See id.* at ¶ 25.

7.      Plaintiff asserts that the OAG Lawsuit seeks in excess of $20 million in damages from Plaintiff and seeks to enforce the withholding of rent owed to Plaintiff from residents of the Property. *See id.* at ¶ 26.

8.      Plaintiff asserts that Defendants somehow are responsible for the liability sought against Plaintiff in the OAG Lawsuit. *See id.*

9.      Plaintiff also alleges that the value of the property deteriorated due to Defendants' actions between 2015 and 2021. *See id.*

---

[1] References to "Doc." refer to the docket number of filings on the adversary proceeding docket.

10.    Plaintiff alleges that, despite Edgewood not being a party to the Management Agreement or otherwise performing management services at the Property, Edgewood is Vantage's purported alter-ego and "is liable for the acts, omissions and liabilities of Defendant Vantage." *See id.* at ¶ 30.

11.    Despite having the ability to assert its contract and tort claims against Vantage *years* prior to filing its Chapter 11 petition, Plaintiff waited until nearly a year after commencing this bankruptcy proceeding to file its claims in this action.

12.    Shortly after the initiation of the adversary proceeding, the parties executed a stipulation for extension of time to respond to the Complaint. The Defendants therefore have not yet filed a response to the Complaint.

13.    At this time, a scheduling conference has been set for September 4, 2024, but no substantive motions have been submitted to the Court, no scheduling order has been entered, and no discovery has been taken by any of the parties.

## ARGUMENT

### I.    Legal Standard

Under 28 U.S.C. § 1334(a), the district courts of the United States have "original and exclusive jurisdiction over all cases under title 11." Pursuant to Bankruptcy Administration Orders of this Court that were effective as of September 2015 and updated in January 2024, all bankruptcy cases and proceedings arising in or related to bankruptcy cases are automatically referred to the Bankruptcy Court. *See* D.D.C. Local Rules, Administration of the Bankruptcy System, DCt. LBR 5011-1. Pursuant to 28 U.S.C. § 157(d), however, the "district court may withdraw, in whole or in part, any case or proceeding referred under this Section, on its own motion or on timely motion of

any party, for cause shown." Withdrawing a reference under this section is at the District Court's

discretion. *See In re Specialty Hosp. of Washington, LLC*, 558 B.R. 471, 472 (D.D.C. 2016).

Federal courts have outlined factors to consider as cause to withdraw a reference, including

"whether the proceedings are core proceedings, 'the efficient use of judicial resources, delay and

costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping,

and other related factors.'" *In re Ellipso, Inc.*, 477 B.R. 278, 281 (D.D.C. 2012) (quoting *Security

Farms v. International Bhd. Of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997)). In this matter, all

of these factors favor withdrawing the referencing and moving this matter to the District Court.

## II.    The Court Should Withdraw the Reference with Respect to this Newly-Filed, Non-Core Adversary Proceeding.

This Court should withdraw the reference with regard to this adversary proceeding

because: (1) the District Court, at this early stage of the litigation, could more efficiently handle

the state law claims in the newly-filed adversary proceeding, allowing the Bankruptcy Court to

expedite the Bankruptcy proceedings; (2) the Complaint raises only non-core claims unrelated to

Plaintiff's Bankruptcy proceeding, as to which the Bankruptcy Court does not have authority to

issue final adjudications; and (3) the Defendants, in responding to the Complaint, plan to request

a jury trial on all claims, which weighs in favor of withdrawing the reference.

### A.  Withdrawing the Reference Will Promote Judicial Economy and Efficiency.

The factors outlined in *Ellipso* favor withdrawing the reference of the adversary

proceeding. At the outset, federal courts find that promptly moving to withdraw the reference at

the early stages of litigation of an adversary proceeding weighs in favor of withdrawal. *See, e.g.,

Seitz as Trustee for City Line Behavioral Healthcare, LLC and Life of Purpose-Pennsylvania, LLC

v. Rothermel*, 638 B.R. 846, 852 (E.D. Pa. 2022) ("The Adversary Proceeding is yet in the earliest

stages of litigation . . . [t]his establishes that Defendants' Motion was timely, a factor in their

favor."). "A § 157(d) motion is timely if it is filed at the first reasonable opportunity after the movant has notice of the grounds for removal, taking into consideration the circumstances of the proceeding." *In re Schelein*, 188 B.R. 13-15 (Bankr. E.D. Pa. 1995) (concluding a motion to withdraw was timely filed when defendants submitted the motion five weeks after the amended complaint was filed in the adversary proceeding and one week after the Bankruptcy Court's ruling on abstention and transfer issues); *United States v. Kaplan*, 146 B.R. 500, 503 (D. Mass. 1992) ("courts are in general agreement that a motion is timely if it was made as promptly as possible in light of the developments in the bankruptcy proceeding, or, more simply, if it was made at the first reasonable opportunity.") (internal citation and quotations omitted).

Here, Plaintiff just recently filed this adversary proceeding on June 28, 2024, and the docket reflects that the Summonses were placed in the mail on July 3, 2024. As the Plaintiff just initiated the proceeding, and Defendants only recently were served, they have not yet been required to respond to the Complaint, and the parties have not taken any discovery or conducted substantive motion practice. Accordingly, the timing of this Motion at this early stage of the proceeding weighs in favor of withdrawal.

Further, withdrawing the reference at this early stage will benefit the economic interests of the parties and promote judicial economy and efficiency. In handling this matter from, essentially, its inception, the District Court will be able to develop an understanding of the facts and applicable law at this early stage and more efficiently adjudicate the coverage issues. This would circumvent duplicative efforts of both the parties and the courts—as any findings of fact and conclusions of law made in the Bankruptcy Court would ultimately require a de novo review by the District Court. *See, e.g., In re Specialty Hosp. of Washington, LLC*, 558 B.R. at 472 ("Absent consent, however,

the bankruptcy court[ ] in non-core proceedings may only submit proposed findings of fact and conclusions of law, which the district court[ ] review[s] de novo.") (internal quotations omitted).

Because the adversary proceeding concerns state law contract and tort claims, the Complaint does not turn on the application or interpretation of bankruptcy law and does not draw on the particular expertise of the Bankruptcy Court. Judicial efficiency would be promoted by withdrawing the reference so that the Bankruptcy Court need not address issues outside its area of specialized knowledge. *See Baxter v. Sherb & Co., LLP (In re Money Ctrs. of Am., Inc.)*, 579 B.R. 710, 715 (S.D.N.Y. 2016) ("[I]t is a waste of judicial resources for a court of specialized bankruptcy knowledge to administer a case that does not require application of that knowledge."); *see also In re G-I Holdings, Inc.*, 295 B.R. 211, 217–18 (D. N.J. 2003) ("Because this proceeding entails exclusively state law claims against a non-debtor, it is in the Court's best interest to adjudicate the non-bankruptcy dispute once, while the Bankruptcy Court continues to administer the chapter 11 reorganization and conduct other common bankruptcy proceedings.").

Defendants respectfully submit that prompt withdrawal of the reference of the adversary proceeding that permits full resolution of the claims at issue—which have not been addressed in detail in and cannot ultimately be decided by the Bankruptcy Court—is necessary and appropriate.

**B.  The Adversary Proceeding is a Non-Core Proceeding.**

An additional factor in determining whether a court should grant a request for withdrawal of the reference is whether the adversary proceeding is "core" or "non-core" to the bankruptcy case. The jurisdiction vested in bankruptcy courts is limited. *See In re Resorts Intern., Inc.*, 372 F.3d 154, 161 (3d Cir. 2004). A "bankruptcy court, generally, may hear and determine and may enter appropriate orders and judgments in all core proceedings arising under bankruptcy law or arising in a bankruptcy case subject to the district court's review." *In re Specialty Hosp. of*

*Washington, LLC*, 558 B.R. at 472 (citations and quotations omitted). A bankruptcy court may

hear, but not enter final judgment on, "non-core" matters, which merely "relate" to a case under

Title 11 when the parties do not consent to such entry of judgment.[2] *See Exec. Benefits Ins. Agency*

*v. Arkison*, 573 U.S. 25, 34 (2014). In other words, the distinction between "core" and "non-core"

claims is whether a bankruptcy court has adjudicatory jurisdiction (core) or has a restricted judicial

role (non-core). *See Mirant Corp. v. The S. Co.*, 337 B.R. 107, 115 (N.D. Tex. 2006).

Section 157(b)(2) enumerates a non-exhaustive list of core proceedings:

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate or exemptions from property
of the estate, and estimation of claims or interests for the purposes of confirming a
plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of
contingent or unliquidated personal injury tort or wrongful death claims against the
estate for purposes of distribution in a case under title 11;

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate;

(F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annul, or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges;

(K) determinations of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

---

[2] Defendants respectfully do not consent to entry of a final judgement in this matter by the
Bankruptcy Court.

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and

(P)  recognition of foreign proceedings and other matters under chapter 15 of title 11.

The adversary proceeding does not qualify as a "core" proceeding under Section 157(b)(2). Although Plaintiff's Complaint invokes paragraph (O) ("other proceedings"), this is plainly incorrect. Plaintiffs' Complaint concerns a dispute over alleged breaches of contract and indemnification purportedly owed under the Management Agreement, which was executed in 2015 and terminated in 2021—all years before Plaintiff filed its Chapter 11 petition and, ultimately, the adversary proceeding.

Moreover, the adversary proceeding does not invoke a substantive right provided by Title 11, nor are the contract claims or tort claims proceedings that "could only arise in a bankruptcy case." *See In re Morrison*, 409 B.R. 384, 390 (S.D. Tex. 2009). All the claims alleged in the Complaint are state law causes of action. Federal courts repeatedly have recognized that claims based exclusively on state law are non-core proceedings. *See In re Athos Steel and Aluminum, Inc.*, 71 B.R. 525, 534 (Bankr. E.D. Pa. 1987) ("[P]roceedings which involve a cause of action created solely by state law, brought by or on behalf of the debtor, and which do not otherwise fall within the provisions of 28 U.S.C. § 157(b)(2)(B)–(N), are noncore matters."); *DeWitt Rehab. & Nursing Ctr., Inc. v. Columbia Cas. Co.*, 464 B.R. 587, 592 (S.D.N.Y. 2012) (holding that traditional contract actions arising under state law are non-core proceedings).

Because the claims in the adversary proceeding are non-core and Defendants here do not consent to the entry of judgment by the Bankruptcy Court, the Bankruptcy Court lacks the authority

to enter final judgments on those claims. *See Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 670, 671 (2015). And, because the adversary proceeding is non-core, this factor weighs heavily in favor of the District Court withdrawing the reference here. *See Michaelesco v. Shefts*, 303 B.R. 249, 252 (D. Conn. 2004) ("the fact that a bankruptcy court's determination on non-core matters is subject to *de novo* review by the district court could lead the latter to conclude that in a given case unnecessary costs could be avoided by a single proceeding in the district court."); *Control Ctr., L.L.C. v. Lauer*, 288 B.R. 269, 275 (M.D. Fla. 2002) ("a determination that a proceeding is non-core weighs in favor of transferring the matter to a district court.").

**C. Defendants are Entitled to a Jury Trial and Will Not Consent to One in the Bankruptcy Court.**

The Defendants in this action are entitled to a jury trial on the non-core adversary proceeding claims. The Bankruptcy Court, however, may not hold a jury trial for the claims raised in the Complaint if all parties do not consent. *See* DCt. LBR 9015-1 (allowing for jury trials conducted by the Bankruptcy Court "with the express consent of all parties"). Because Defendants intend to exercise their right to a trial by jury in the District Court, withdrawal of the reference with respect to this adversary proceeding is appropriate.

<u>CONCLUSION</u>

For the reasons outlined in this Memorandum of Points and Authorities, the District Court should withdraw the reference of this non-core adversary proceeding from the Bankruptcy Court, and the state law claims asserted in the Complaint should proceed before the District Court.

Dated: August 7, 2024                    Respectfully Submitted,

                                         s/ Gabriela Richeimer

                                         Gabriela Richeimer (D.C. Bar No. 462520)
                                         Werner Ahari Mangel LLP
                                         2112 Pennsylvania Avenue, NW
                                         Suite 200
                                         Washington, District of Columbia 20037
                                         (202) 599-1092
                                         gricheimer@wam.law
                                         *Attorney for Defendants Vantage Management Inc.*
                                         *and Edgewood Management Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2024, I caused a copy of the foregoing, and all accompanying papers, to be served via the CM/ECF system on all counsel of record.

                                         s/Gabriela Richeimer
                                         Gabriela Richeimer

# DESIGNATION OF RECORD FOR MOTION TO WITHDRAW REFERENCE

## Pursuant to DCt. LBR 5011-2(d)

# List of Documents Relevant to the Motion to Withdraw the Reference

Adversary Proceeding Docket

Doc. 1: Complaint

Doc. 4: Service of Summons

Doc. 5: Service of Summons

Doc. 6: Stipulation for Extension of Time

TO ORDER COPIES OF ANY DOCUMENTS LISTED
BELOW, CALL WESTLAW COURTEXPRESS
1-877-DOC-RETR (1-877-362-7387) (Additional Charges Apply)

**This docket is current through 08/07/2024**

Today's Date: 8/7/2024
Source: U.S. Bankruptcy Court, District of Columbia (Washington, DC)

**CASE INFORMATION**

| | |
|---|---|
| **Court:** | U.S. Bankruptcy Court, District of Columbia (Washington, DC) |
| **Case Title:** | MP PPH, LLC v. Vantage Management, Inc |
| **Case:** | 1:24-AP-10022 |
| **Judge:** | Bankruptcy Judge Elizabeth L. Gunn |
| **Date Filed:** | 06/28/2024 |
| **Office:** | Washington, DC |
| **Case Type / Chapter:** | Adversary Proceeding |
| **Status:** | Awaiting Answer to Complaint |
| | 06/28/2024 |
| | 40 days |
| | Status Set By: Complaint |
| **Other Dockets:** | Lead BK Case: 23-00246 |
| | Lead BK Chapter: 11 |
| | Lead Case: 23-00246-ELG |
| | Lead BK Title: MP PPH LLC |
| **Case Number:** | 1:24-AP-10022 |
| **Demand Amount:** | $20000000 |
| **Nature of Suit:** | Recovery of money/property - 542 turnover of property |
| **Key Nature of Suit:** | Bankruptcy; Adversary Proceeding (060.03) |

**CREDITOR INFORMATION**
View Creditor Information

**OTHER PARTIES**

## MP PPH, LLC

| | |
|---|---|
| **Type:** | Plaintiff |
| **Party Address:** | 555 Broadhallow Road |
| | Suite 200 |
| | Melville, NY 11747 |
| **Attorney(s):** | Janet M. Nesse |
| **Attorney Address:** | 6404 Ivy Lane |
| | Ste 820 |
| | Greenbelt, MD 20770 |
| **Attorney Phone:** | 301-441-2420 |
| **Email:** | jnesse@mhlawyers.com |

## **Vantage Management, Inc**

| | |
|---|---|
| Type: | Defendant |
| Party Address: | c/o CT Corporation Systems |
| | 1015 15th Street, NW |
| | Suite 1000 |
| | Washington, DC 20005 |
| Attorney(s): | Vantage Management, Inc |
| Status: | PRO SE |

## Edgewood Management Company

| | |
|---|---|
| Type: | Defendant |
| Party Address: | c/o CT Corporation System |
| | 1015 15th Street, NW |
| | Suite 1000 |
| | Washington, DC 20005 |
| Attorney(s): | Alexandria Jean Smith |
| Firm Name: | Greenstein DeLorme and Luchs PC |
| Attorney Address: | 801 17th Street NW |
| | Suite 1000 |
| | Washington, DC 20006 |
| Attorney Phone: | 202-452-1400 |
| Email: | ajs@gdllaw.com |

### CALENDAR (2)

| Date: | Time: | Event Filed: | Judge: | Calendar Entry: |
|---|---|---|---|---|
| 08/01/2024 | | 07/02/2024 | | Answer to Complaint AP |
| 09/04/2024 | 10:00 AM | 07/02/2024 | | Status Hearing |

### CALENDAR INFORMATION
**View Calendar Information**

### DOCKET PROCEEDINGS (6)

| Entry #: | Date: | Description: | |
|---|---|---|---|
| 6 | 07/30/2024 | Stipulation By Edgewood Management Company and MP PPH, LLC. Filed by Edgewood Management Company. (Re: Related Document(s) #: 1 Complaint.) (Attachments: # 1 Proposed Order)(Smith, Alexandria) (Entered: 07/30/2024) | View   Add to request |
| 5 | 07/03/2024 | Summons Service Executed on Edgewood Management Company 7/3/2024 (Nesse, Janet) (Entered: 07/03/2024) | Docket Status  View   Add to request |
| 4 | 07/03/2024 | Summons Service Executed on Vantage Management, Inc. 7/3/2024 (Nesse, Janet) (Entered: 07/03/2024) | Docket Status  View   Add to request |

| 3 | 07/02/2024 | Summons Issued on Edgewood Management Company , Vantage Management, Inc. Number of Summons Issued: 2. Answer due by: 8/1/2024. YOU MUST PRINT YOUR ISSUED SUMMONS, WHICH IS ATTACHED TO THIS DOCUMENT. PAPER COPIES WILL NOT BE MAILED. Status Hearing to be held on 9/4/2024 at 10:00 AM Courtroom 1 and Zoom; Contact aimee_mathewes@dcb.uscourts.gov for meeting code. (Attachments: # 1 Summons 2) (Mathewes, Aimee) (Entered: 07/02/2024) | [View] [Add to request] |
| 2 | 06/28/2024 | Receipt of Complaint(24-10022-ELG) [cmp,cmp] ( 350.00) Filing Fee. Receipt numberA2757117. Fee Amount 350.00 (Nesse, Janet) (re:Doc# 1 ) (U.S. Treasury) (Entered: 06/28/2024) | [Send Runner to Court] |
| 1 | 06/28/2024 | Adversary case 24-10022. Complaint by MP PPH, LLC against Vantage Management, Inc., Edgewood Management Company. (Fee Amount of $350) . (542 (Breach of Contract, Turnover, Accounting, Unjust Enrichment)) (Nesse, Janet) (Entered: 06/28/2024) | [View] [Add to request] |

**CLAIMS REGISTER INFORMATION**

View Claims Register Information

TO ORDER COPIES OF ANY DOCUMENTS LISTED
ABOVE, CALL WESTLAW COURTEXPRESS
1-877-DOC-RETR (1-877-362-7387) (Additional Charges Apply)

End of Document                                    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

Mark W. Schweitzer (Bar No.451459)
Janet M. Nesse (Bar No. 358514)
Christopher L. Hamlin (Bar No. 04597)
McNamee Hosea, P.A.,
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
mschweitzer@mhlawyers.com
jnesse@mhlawyers.com
chamlin@mhlawyers.com
*Attorneys for Plaintiff MP PPH, LLC*

## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | * | |
| | | |
| MP PPH, LLC | * | |
| | | Case No. 23-00246 ELG |
| Debtor. | * | Chapter 11 |
| | | |
| _____ | * | |
| MP PPH, LLC | * | |
| 555 Broadhollow Road, Suite 200 | * | |
| Melville, New York 11747 | | |
| | * | |
| Plaintiff | | |
| v. | * | |
| | | |
| VANTAGE MANAGEMENT INC. | * | |
| 9711 Washington Blvd., Suite 200 | | |
| Gaithersburg, Maryland 20878 | * | Adv. Proceeding No. _____ |
| | | |
| Serve on: CT Corporation System | * | |
| 1015 15th Street NW, Suite 1000 | | |
| Washington, DC 20005 | * | |
| | | |
| and | * | |
| EDGEWOOD MANAGEMENT CORPORATION | | |
| 9711 Washington Blvd., Suite 200 | * | |
| Gaithersburg, Maryland 20878 | | |
| | * | |
| Serve on: CT Corporation System | | |
| 1015 15th Street NW, Suite 1000 | * | |
| Washington, DC 20005 | | |
| | * | |

1

Defendants                              *

_____

## **COMPLAINT**

Plaintiff MP PPH, LLC, by and through its attorneys, Mark W. Schweitzer, Janet M. Nesse, Christopher L. Hamlin and McNamee Hosea, P.A., pursuant to 11 U.S.C. §105 and Bankruptcy Rules 7001 *et seq.*, files this Complaint against Defendants Vantage Management, Inc., and Edgewood Management Corporation, and in support thereof states as follows:

### **Introduction**

1.     This adversary proceeding arises from the conduct of Defendants Vantage Management, Inc., and Edgewood Management Corporation regarding the management of a 674-unit apartment complex known as Marbury Plaza located at 2300-2330 Good Hope Road, SE Washington, D.C. 20020 (the "Property" or "Marbury Plaza"). The Property consists of nine buildings, including two eleven-story towers (Buildings "2300" and "2330" and seven garden-style buildings (Buildings "2302", "2304", "2306", 2312", "2316", "2320", and "2324").

2.     Marbury Plaza was constructed in 1968, and it was described as, <u>inter alia</u>, an "exceptional D.C. living experience" and "the best high-rise living in Southeast Wahington D.C." It commands a magnificent view of the city.

3.     Plaintiff MP PPH, LLC (the "Plaintiff") is the owner of the Property. Plaintiff purchased the Property in June 2015. The Property has approximately 2,500 tenants. The tenants include individuals who receive housing subsidies through various federal and state housing voucher programs.

4.     Defendant Vantage Management, Inc. ("Defendant Vantage") and Defendant Edgewood Management Corporation ("Defendant Edgewood") are residential rental property

managers. Defendants Vantage and Edgewood (collectively, the "Defendants") began their management of the Property in April 2015 and continued as property managers until October 2021.

5.    During Defendants' tenure as property managers, particularly beginning in 2017, the Property underwent significant physical deterioration, leading to claims of the accumulation of mold in apartments, insufficient and non-working heating and cooling systems, persistent water leaks, loss of the use of elevators and stairway chair lifts, defective electrical outlets, non-working laundry rooms, ongoing fire and safety violations, and closure of the swimming pool.

6.    Defendants Vantage and Edgewood failed to respond to concerns, to address these conditions or to conduct routine maintenance on the Property in spite of having substantial funds provided to upkeep the Property.

7.    Defendants' actions caused the Plaintiff to be charged with failing to provide adequate security for the residents of the Property.

8.    Defendants Vantage and Edgewood were terminated as property managers in October 2021. Since then, under new management, violations are being addressed, repairs are being made, and the condition of the Property has stabilized.

9.    As set forth herein, Plaintiff has incurred significant damages as a direct result of Defendants' actions and inactions

**The Parties**

10.    Plaintiff MP PPH, LLC is a limited liability company organized under the laws of the State of Delaware. Plaintiff's principal place of business is located in the District of Columbia. Plaintiff filed a voluntary Chapter 11 petition on August 31, 2023, and has operated as the Debtor-in-Possession since that time.

11.    From 2015 through 2021, Defendant Vantage Management, Inc., was located at

9711 Washinton Boulevard, Gaithersburg, Maryland 20878. Defendant Vantage is one of three "Ford Family Companies" that have been providing property management services in the District of Columbia for over 40 years.

12.    From 2015 through 2021, Defendant Edgewood was located at 9711 Washinton Boulevard, Gaithersburg, Maryland 20878. Defendant Edgewood is also one of three "Ford Family Companies" that have been providing property management services in the District of Columbia for over 40 years. Defendant Edgewood has over 500 employees and manages approximately 200 properties in the eastern United States. At all times relevant hereto, Defendant Edgewood and Defendant Vantage shared the same leadership, ownership, and Board of Directors. Defendants Vantage and Edgewood managed the Property as one entity from April 2015 through October 2021. Defendant Edgewood and its employees in fact controlled and directed the management of the Property from April 2015 through October 2021.

**Jurisdiction and Venue**

13.    Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1334 and 157(b).  This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(O) and Rule 7008 of the Bankruptcy Rules.

14.    Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Statement of Facts**

15.    Plaintiff entered into a Management Agreement with Defendant Vantage dated April 27, 2015, as amended pursuant to the First Amendment to Management Agreement dated December 1, 2016, and the Second Amendment to Management Agreement dated March 1, 2021 (collectively, the "Management Agreement").  Pursuant to the terms of the Management Agreement, Defendant Vantage agreed to provide full management services for the Property. Defendant Edgewood, as alter ego of Defendant Vantage, was a party to the Management

4

Agreement, based upon its unity of interests with Defendant Vantage and its de facto control of the management of the Property.

16.     For the first two years, the Defendant maintained regular contact with the Plaintiff, through employees of Defendant Edgewood and Dr. Anothony Pilavas on behalf of the Plaintiff. Regular meetings were scheduled and expenditures for the property were approved, and the Property was in good standing.

17.     Defendants Vantage and Edgewood thereafter failed to properly manage the Property and allowed significant physical deterioration of the Property, causing the Plaintiff to be charged with many housing violations. All notices of violations were sent to the Defendants at their business address, not to the Property, or to the Plaintiff, and not to the principals of the Plaintiff.

18.     The District of Columbia Department of Consumer and Regulatory Affairs ("DCRA") performed multiple inspections of the Property from 2017 through November 2021. During this time, the DCRA asserted approximately 834 housing code violations that it alleged constituted serious threats to the life, health, safety, and security of the residents of the Property. The charged/violations included, inter alia, (i) serious and persistent water leaks and mold infestations; (ii) defective heating and air conditioning systems; (iii) mice, pest and bed bug infestations; (iv) holes and cracks in walls; (v) defective electrical outlets; (vi) loose and peeling paint; (vii) missing smoke detectors; (viii) missing carbon monoxide alarms; and (ix) defective and broken door locks on the Property.

19.     The Defendants failed to correct violations, failed to input into the DC violation system information confirming that violations had been corrected, failed to follow up with DC to

ensure that notices of violations were removed after corrections were made, and failed to track violations.

20.     The District asserted that the Property did not have proper operational stairway chair lifts and elevators designated for persons with disabilities. Defendants' claim of failure to provide such facilities or to request funds to provide and maintain them led to a claim that the lack of facilities caused a loss of use impaired the access of residents with disabilities to their apartments, parking garages and common areas of the Property The District also asserted that Defendants failed to properly maintain the swimming pool for the Property, which was closed due to such neglect. Causing a loss of use.

21.     Defendants also apparently maintained a policy of refusing to rent to individuals with housing vouchers and thereby discriminated against District residents with such vouchers, causing the Plaintiff to be charged with housing violations. This violation was the triggering event that brought the Property to the attention of the District.

22.     Defendants were charged with failing to maintain adequate security for the residents of the Property, thereby causing the Plaintiff to be charged.

23.      Defendants were notified and had knowledge of the asserted housing problems, property damage and deteriorating conditions at the Property from 2017 through 2021. Beginning in 2017, the DCRA performed multiple inspections of the Property and asserted 834 housing code violations on the Property. Defendants failed to address or correct the myriad problems on the Property or to track and obtain confirmation of such corrections. Defendants' indifference and neglect of their duties led to property damage deteriorating conditions of the Property, subjected Plaintiff to significant claims by the District for such violations, devaluation of the Property, and the imposition of rent reductions.

24.  Defendants also failed to advise Plaintiff of the hundreds of housing code violations issued by the DCRA regarding the Property, notice of which was sent to the Defendants. Plaintiff provided Defendants with substantial funds for maintenance and repairs of the Property, to be held in escrow by Defendants.  The funds were to be used as necessary by Defendants for ongoing maintenance and repairs of the Property. Despite this funding, Defendants repeatedly failed to perform required maintenance or repairs. As a result, Plaintiff has incurred significant damages.

25.  On July 1, 2021, the District filed a Complaint for Violation of the Tenant Receivership Act and Consumer Protection Procedures Act in a case styled as <u>District of Columbia v MP PPH, LLC,</u> et al., Case No. 2021 CA 002209 B, in the Superior Court for the District of Columbia (the "Civil Case"). The District's claims against Plaintiff in the Civil Case arise from and are based upon the Defendants failure to provide management services as required under the Management Agreement and under the common law of the District.

26.  The District seeks damages against Plaintiff in excess of $20,000,000.00, rents have been withheld, the terms of the secured loan on the property have changed, and the value of the Property has deteriorated enormously because of the actions and inactions of the Defendants.

27.  Defendants' actions and inactions caused a loss of use of parts of the Property and of certain amenities including, but not limited to, the pool and the laundry rooms.

**<u>Defendant Edgewood is the Alter-Ego of Defendant Vantage</u>**.

28.  Upon information and belief, at all times relevant hereto, Defendant Vantage had no employees, staff, or personal property to enable it to provide services under the Management Agreement. Defendant Vantage was also inadequately capitalized and held *de minimis* assets, if any, at all times relevant hereto. All interactions of Plaintiff with Defendants was with Edgewood employees and correspondence was from Edgewood email addresses.

7

29.     Upon information and belief, at all times relevant hereto, Defendant Vantage's finances, policies and business practices were dominated and controlled by Defendant Edgewood's leaders, owners and Board of Directors, such that Defendant Vantage had no separate authority or existence of its own. Defendant Vantage also routinely disregarded corporate formalities, based on its lack of employees or staff.

30. Defendant Edgewood used its control and operation of Defendant Vantage to avoid liability arising from or related to the performance of management services. Accordingly, it would be inequitable and fundamentally unfair to allow Defendant Edgewood to avoid liability for the failure to properly manage the Property and the resulting harm to the Property, its tenants, and the Plaintiff. Based upon the foregoing, Defendant Edgewood is the alter-ego of Defendant Vantage, and Defendant Edgewood is liable for the acts, omissions and liabilities of Defendant Vantage as set forth herein.

<u>**Count I**</u>
**<u>BREACH OF MANAGEMENT AGREEMENT</u>**

31.     Plaintiff incorporates all prior paragraphs as if set forth herein, into this Count, and further states as follows:

32.     Pursuant to the terms of the Management Agreement, Defendants agreed to provide full management services for the Property.

33.     Defendants failed to provide management services for the Property as required under the Management Agreement.  Defendants failed to provide proper maintenance or perform necessary repairs and corrections to address the deteriorating conditions on the Property. Defendants' failure to maintain and repair the Property and/or to track corrections resulted in <u>inter alia</u>, assertions against the Plaintiff of (i) serious and persistent water leaks and mold infestations; (ii) defective heating and air conditioning systems; (iii) mice, pest and bed bug infestations; (iv)

8

holes and cracks in walls; (v) defective electrical outlets; (vi) loose and peeling paint; (vii) missing

smoke detectors; (viii) missing carbon monoxide alarms; and (ix) defective and broken door locks

on the Property.

34.     Defendants also engaged in discriminatory policies and conduct against tenants and

potential tenants leading to a claim against the Plaintiff that started a cascade of District focus on

the Property.

35.     Defendants failed to maintain adequate security for the residents of the Property, to

advise the Plaintiff of security issues and to record and track corrective actions.

36.     Based upon Defendants' failure to properly repair and maintain the Property and to

provide the requisite management services, Defendants breached the terms of the Management

Agreement.

37.     Plaintiff has incurred damages as a direct and proximate result of Defendants'

breach of the Management Agreement.

38.   Plaintiff has also incurred attorney's fees and costs as a direct and proximate result of

Defendants' breach of the Management Agreement.

     **WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

**A.**     **ORDER** that judgment be entered on behalf of Plaintiff in the amount of not less

than $20,000,000.00, against Defendants Vantage. and Edgewood jointly and severally, plus

interest, fees, and costs; and further,

**B.**     **ORDER** that Plaintiff be awarded reasonable attorney's fees and cost against

Defendants Vantage and Edgewood, as incurred in this matter; and

**C.**     **ORDER** such other and further relief as is just and appropriate.

## Count II

9

## **INDEMNIFICATION**

39.     Plaintiff incorporates all prior paragraphs as if set forth herein, into this Count, and further states as follows:

40.     Pursuant to the Management Agreement, Defendants expressly agreed to indemnify Plaintiff for claims arising from or related to the acts or omissions of Defendants "which are in breach of Defendants' obligations under the Management Agreement."

41.     Pursuant to the terms of the Management Agreement, Defendants agreed to provide full management services for the Property. Defendants failed to provide management services for the Property as required under the Management Agreement.  Defendants failed to provide proper maintenance of the Property, notice to the Plaintiff, and compliance with report requirements of the District resulting in claims of    inter alia, (i) serious and persistent water leaks and mold infestations; (ii) defective heating and air conditioning systems; (iii) mice, pest and bed bug infestations; (iv) holes and cracks in walls; (v) defective electrical outlets; (vi) loose and peeling paint; (vii) missing smoke detectors; (viii) missing carbon monoxide alarms; and (ix) defective and broken door locks on the Property. Defendants also engaged in discriminatory conduct against tenants and potential tenants.

42.     Defendants thereby breached the terms of the Management Agreement.

43.     On July 1, 2021, the District filed its Complaint for Violation of the Tenant Receivership Act and Consumer Protection Procedures Act in the Civil Case. The District's claims against Plaintiff in the Civil Case arise from and are based upon the Defendant's failure to provide management services as required under the Management Agreement. The District seeks damages against Plaintiff in excess of $20,000,000.

44.     Pursuant to the express terms of the Management Agreement, Defendants are

liable for indemnification of Plaintiff for all damages awarded to the District against Plaintiff in the Civil Case.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A. **ORDER** that judgment be entered on behalf of Plaintiff MP PPH, LLC in the amount of not less than $20,000,000.00, against Defendants Vantage and Edgewood, jointly and severally, plus interest, fees, and costs; and

B. **ORDER** that Plaintiff be awarded reasonable attorney's fees against Defendants Vantage and Edgewood, as incurred in this matter; and

C. **ORDER** such other and further relief as is just and appropriate.

<u>**Count III**</u>
<u>**NEGLIGENCE**</u>

Plaintiff incorporates all prior paragraphs as if set forth herein, into this Count, and further states, as follows:

45. Defendants acted as property managers for the Property from 2015 through 2021. As property managers, Defendants had a duty of care to Plaintiff to properly manage, maintain and preserve the Property.

46. Defendants failed to provide proper maintenance of the Property, resulting in, <u>inter alia</u>, (i) serious and persistent water leaks and mold infestations; (ii) defective heating and air conditioning systems; (iii) mice, pest and bed bug infestations; (iv) holes and cracks in walls; (v) defective electrical outlets; (vi) loose and peeling paint; (vii) missing smoke detectors; (viii) missing carbon monoxide alarms; and (ix) defective and broken door locks on the Property. Defendants also engaged in discriminatory conduct against tenants and potential tenants.

47. Defendants breached their duty of care to Plaintiff by failing to properly manage, maintain and preserve the Property.

48.    Defendants' failure to properly manage the Property did not meet the standard of care for Property Managers and did not comply with the laws of the District Defendants' failure to properly manage the Property was an utter failure to perform their manifest duty in disregard of the consequences of their conduct. Defendants' conduct constitutes negligence.

49.    Plaintiff incurred damages as a direct and proximate result of Defendants' negligence in the form of claims levied against the Plaintiff and diminution of the value of the Property.

50.    Defendants failed to notify plaintiff of a huge increase in real estate taxes assessment and failed to timely appeal that assessment, causing substantial monetary damages to the Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.  **ORDER** that judgment be entered on behalf of Plaintiff in the amount of not less than $20,000,000.00, against Defendants Vantage and Edgewood, jointly and severally, plus interest, fees, and costs; and,

B.  **ORDER** that Plaintiff MP PPH, LLC be awarded reasonable attorney's fees against Defendants Vantage Management, Inc. and Edgewood Management Corporation, as incurred in this matter; and

C.  **ORDER** such other and further relief as is just and appropriate.

## Count IV
### CONTRIBUTION

51.    Plaintiff incorporates all prior paragraphs as if set forth herein, into this Count, and further states, as follows:

52. Defendants acted as property managers for the Property from 2015 through 2021. As property managers, Defendants had a duty of care to Plaintiff to properly manage, maintain and preserve the Property.

53. Defendants failed to provide proper maintenance of the Property, resulting in, <u>inter alia</u>, (i) serious and persistent water leaks and mold infestations; (ii) defective heating and air conditioning systems; (iii) mice, pest and bed bug infestations; (iv) holes and cracks in walls; (v) defective electrical outlets; (vi) loose and peeling paint; (vii) missing smoke detectors; (viii) missing carbon monoxide alarms; and (ix) defective and broken door locks on the Property.. Defendants also engaged in discriminatory conduct against tenants and potential tenants.

54. Defendants breached their duty of care to Plaintiff by failing to properly manage, maintain and preserve the Property.

55. Defendants' failure to properly manage the Property was wanton and willful, and evidenced utter indifference to the rights of the Plaintiff as if such rights did not exist. Defendants' failure to properly manage the Property was an intentional failure to perform their manifest duty in reckless disregard for the consequences of their conduct. Defendants' conduct constitutes gross negligence.

56. On July 1, 2021, the District filed its Complaint for Violation of the Tenant Receivership Acy and Consumer Protection Procedures Act in the Civil Case. The District's claims against Plaintiff in the Civil Case arise from and are based upon the Defendant's failure to provide management services as required under the Management Agreement. The District seeks damages against Plaintiff in excess of $20,000,000.00 for such violations.

57.     Based upon Defendant' negligence in failing to properly manage, maintain and preserve the Property, Defendants are liable to Plaintiff for contribution for all damages awarded to the District against Plaintiff in the Civil Case.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.     **ORDER** that judgment be entered on behalf of Plaintiff in the amount of not less than $20,000,000.00, against Defendants Vantage and Edgewood jointly and severally, plus interest, fees, and costs; and

B. **ORDER** that Plaintiff be awarded reasonable attorney's fees against Defendants Vantage Management, Inc., and Edgewood Management Corporation, as incurred in this matter; and

C. **ORDER** such other and further relief as is just and appropriate.

## Count V
## VICARIOUS LIABILITY

58.     Plaintiff incorporates all prior paragraphs as if set forth herein, into this Count, and further states, as follows:

59.      Upon information and belief, at all times relevant hereto, Defendant Vantage had no employees, staff, or personal property to enable it to provide services under the Management Agreement. Defendant Vantage was also inadequately capitalized and held *de minimis* assets, if any, at all times relevant hereto. All interactions of Plaintiff with Management Company was with Edgewood employees and correspondence was from Edgewood email addresses.

60.     Upon information and belief, at all times relevant hereto, Defendant Vantage's finances, policies and business practices were dominated and controlled by Defendant Edgewood's leaders, owners, and Board of Directors, such that Defendant Vantage had no separate authority or existence of its own. Defendant Vantage also routinely disregarded corporate formalities, based

14

on its lack of employees or staff.

61. Defendant Edgewood directed all actions of Vantage, retained Vantage as an entity to perform services, paid all obligations associated with Vantage and, therefore, is vicariously liable for the actions of Vantage.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A. **ORDER** that judgment be entered on behalf of Plaintiff in the amount of not less than $20,000,000.00, against Defendants Vantage and Edgewood plus interest, fees, and costs; and further,

B. **ORDER** that Plaintiff be awarded reasonable attorney's fees against Defendants Vantage and Edgewood, as incurred in this matter; and

C. **ORDER** such other and further relief as is just and appropriate.

## Count VI
## TORTIOUS INTERFERENCE WITH CONTRACT.

62. Plaintiff incorporates all prior paragraphs as if set forth herein, into this Count, and further states, as follows:

63. Upon information and belief, at all times relevant hereto, Defendant Vantage was a named party to the Management Agreement.

64. Defendant Edgewood was fully aware of the contract and acted in a way, providing inadequate personnel, and supervision to cause Vantage to breach its contract.

65. Defendant Edgewood knew that its actions were substantially likely to cause Vantage to breach its contract with the Plaintiff. Defendant Vantage was also inadequately capitalized and held *de minimis* assets, if any, at al

66. As a result of the actions of Edgewood in causing Vantage to breach its contract, Plaintiff sufferance losses due to claims by the District of Columbia, diminution in value of the

Property and decreased rental income.

      **WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

          **A. ORDER** that judgment be entered on behalf of Plaintiff in the amount of not less than $20,000,000.00, against Defendant Edgewood plus interest, fees and costs.

      **B. ORDER** that Plaintiff MP PPH, LLC be awarded reasonable attorney's fees against Defendant Edgewood as incurred in this matter; and

      **C. ORDER** such other and further relief as is just and appropriate.

**Count VII**
**GROSS NEGLIGENCE**

      67.    Plaintiff incorporates all prior paragraphs as if set forth herein, into this Count, and further states, as follows:

      68.    Defendants acted as property managers for the Property from 2015 through 2021. As property managers, Defendants had a duty of care to Plaintiff to properly manage, maintain and preserve the Property.

      69.    Plaintiff has been charged by the District with failure to provide proper maintenance of the Property, resulting in, inter alia, (i) serious and persistent water leaks and mold infestations; (ii) defective heating and air conditioning systems; (iii) mice, pest and bed bug infestations; (iv) holes and cracks in walls; (v) defective electrical outlets; (vi) loose and peeling paint; (vii) missing smoke detectors; (viii) missing carbon monoxide alarms; and (ix) defective and broken door locks on the Property. All such charges are the result of the negligent actions and inactions of the Defendants. Defendants also engaged in discriminatory conduct against tenants and potential tenants.

      70.    Defendants breached their duty of care to Plaintiff by failing to properly manage, maintain and preserve the Property and to keep Plaintiff apprised pf developments on the Property.

16

71.     Defendants' failure to properly manage the Property was wanton and willful, and evidenced utter indifference to the rights of the Plaintiff as if such rights did not exist. Defendants' failure to properly manage the Property was an intentional failure to perform their manifest duty in reckless disregard for the consequences of their conduct. Defendants' conduct constitutes gross negligence.

72.     Plaintiff incurred damages as a direct and proximate result of Defendants' gross negligence in the form of claims against the Plaintiff by the District, loss of rental income, loss of use of portions of the property and deterioration of the value of the Property.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

**B.     ORDER** that judgment be entered on behalf of Plaintiff MP PPH, LLC in the amount of not less than $20,000,000.00, against Defendants Vantage Management, Inc., and Edgewood Management Corporation, jointly and severally, plus interest, fees and costs; and further,

**B.   ORDER** that Plaintiff be awarded reasonable attorney's fees against Defendants Vantage and Edgewood as incurred in this matter; and

**C.  ORDER** such other and further relief as is just and appropriate.

## Count VIII
### FRAUD

73.     Plaintiff incorporates all prior paragraphs as if set forth herein, into this Count, and further states, as follows:

74.     Upon information and belief, at all times relevant hereto, Defendant Vantage had no employees, staff, or personal property to enable it to provide services under the Management Agreement. Defendant Vantage was also inadequately capitalized and held *de minimis* assets, if any, at all times relevant hereto

17

75. Plaintiff was fraudulently induced to enter into a contract with Vantage. Vantage's situation was never disclosed, and Plaintiff was led to believe that it was a functioning competent company.

76. After entry into the contract. Defendant Edgewood directed all actions of Vantage,

77. After inducing Plaintiff to enter into this contract. Edgewood managed Vantage in an incompetent, inadequate fashion, believing that it was safe from repercussions, because it was not the contracting party and had schemed to be protected.

78. Defendants actively concealed from Plaintiff the contents and existence of a 2020 subpoena served on them from the District of Columbia asserting problematic conditions at the Project thereby causing actual damage to the Plaintiff, which continued to retain Defendants without knowledge of their performance issues.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A. **ORDER** that judgment be entered on behalf of Plaintiff in the amount of not less than $20,000,000.00, against Defendants Vantage and Edgewood plus interest, fees, and costs; and further,

B. **ORDER** that Plaintiff be awarded reasonable attorney's fees against Defendants Vantage and Edgewood, as incurred in this matter; and

C. **ORDER** that Plaintiff be awarded punitive damages.

D. **ORDER** such other relief as is just and appropriate.

Dated:  June 28, 2024           Respectfully submitted,

MᴄNᴀᴍᴇᴇ, Hᴏsᴇᴀ, P.A.

/s/ Janet M. Nesse_____
Mark W. Schweitzer (#451459)
Janet M. Nesse (#35814)
Christopher L. Hamlin (#04597)
McNamee Hosea, P.A.,
 6404 Ivy Lane, Suite 820
 Greenbelt, MD 20770
 mschweitzer@mhlawyers.com
 jnesse@mhlawyers.com
 chamlin@mhlawyers.com

Attorneys for Plaintiff MP PPH, LLC

### United States Bankruptcy Court for
### the District of Columbia

| In re: MP PPH LLC | Bankruptcy Case No: 23-00246-ELG |
|---|---|
| Debtor | Chapter: 11 |

| MP PPH LLC | |
|---|---|
| Plaintiff | |
| v. | Adv. Proceeding No: 24-10022-ELG |
| Edgewood Management Company | |
| | **Scheduling Conference: 9/4/2024 at 10:00** |
| Defendant | |

### SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to complain within 35 days.

| Address of the Clerk: | Clerk's Office
U.S. Bankruptcy Court
333 Constitution Avenue NW
Washington, DC 20001 |
|---|---|

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and address
of Plaintiff's Attorney: | Janet M. Nesse
McNamee Hosea, P.A.,
6404 Ivy Lane
Ste 820
Greenbelt, MD 20770 |
|---|---|

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a scheduling conference in this matter will be held in Courtroom 1 and via Zoom (email Aimee_Mathewes@dcb.uscourts.gov for meeting information) on 9/4/2024 at 10:00 AM.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

Angela Caesar
Clerk of the Bankruptcy Court

| 7/2/2024 | By: /s/ Aimee Mathewes |
|---|---|
| Date | Deputy Clerk |

## CERTIFICATE OF SERVICE

I, ___Theresa Mackey___ (name), certify that I am, and at all times during the
service of process was, not less than 18 years of age and not a party to the matter concerning which
service of process was made. I further certify that the service of this summons and a copy of the
complaint was made ___7-3-24___ (date) by:

[✓] Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:
___Vantage Mangement, c/o CT Corporation System___
___1015 15th Street, N.W, Suite 1000, Washington, DC 20005___

[ ] Personal Service: By leaving the process with defendant or with an officer or agent of the
defendant at:

[ ] Residence Service: By leaving the process with the following adult at:

[ ] Publication: The defendant was served as follows: [Describe briefly]

[ ] State Law: The defendant was served pursuant to the laws of the State of _____,
as follows: [Describe briefly]                                      (name of state)

Under penalty of perjury, I declare the foregoing is true and correct

___7-3-24___
Date

_____
Signature

Print Name ___Theresa Mackey___
___6404 Ivy Lane, Suite 820___
Business Address
___Greenbelt___          ___Maryland___          ___20770___
City                      State                    Zip

**United States Bankruptcy Court for
the District of Columbia**

In re: MP PPH LLC

Bankruptcy Case No: 23-00246-ELG

Debtor

Chapter: 11

MP PPH LLC

Plaintiff

v.

Adv. Proceeding No:    24-10022-ELG

Vantage Management, Inc.

**Scheduling Conference: 9/4/2024 at 10:00**

Defendant

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to complain within 35 days.

| Address of the Clerk: | Clerk's Office<br>U.S. Bankruptcy Court<br>333 Constitution Avenue NW<br>Washington, DC 20001 |
|---|---|

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and address<br>of Plaintiff's Attorney: | Janet M. Nesse<br>McNamee Hosea, P.A.,<br>6404 Ivy Lane<br>Ste 820<br>Greenbelt, MD 20770 |
|---|---|

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a scheduling conference in this matter will be held in Courtroom 1 and via Zoom (email Aimee_Mathewes@dcb.uscourts.gov for meeting information) on 9/4/2024 at 10:00 AM.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

Angela Caesar
Clerk of the Bankruptcy Court

7/2/2024
Date

By:    /s/ Aimee Mathewes
Deputy Clerk

## CERTIFICATE OF SERVICE

I, THERESA MACKEY (name), certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this summons and a copy of the complaint was made 7-3-24 (date) by:

☑ Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:
Edgewood MANAGEMENT Corporation
C/O CT Corporation Systems, 1015 15th Street, N.W.,
Suite 1000, WASHINGTON, D.C. 20005

☐ Personal Service: By leaving the process with defendant or with an officer or agent of the defendant at:

☐ Residence Service: By leaving the process with the following adult at:

☐ Publication: The defendant was served as follows: [Describe briefly]

☐ State Law: The defendant was served pursuant to the laws of the State of _____,
as follows: [Describe briefly]                                              (name of state)

Under penalty of perjury, I declare the foregoing is true and correct.

_____          _____
Date                                      Signature

Print Name THERESA MACKEY
6404 IVY LANE, Suite 820
Business Address
GREENbelt                    MARYLAND        20770
City                        State            Zip

GREENSTEIN DELORME & LUCHS, P.C.
Richard W. Luchs (DC Bar #243931)
Alexandria J. Smith (DC Bar #1781067)
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400; Fax (202) 452-1410
Email: rwl@gdllaw.com; ajs@gdllaw.com
*Counsel for Vantage Management Inc.*
*and Edgewood Management Corporation*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: | Case No. 23-00246 ELG |
| MP PPH, LLC | Chapter 7 |
| *Debtor.* | |
| MP PPH, LLC, | |
| *Plaintiff,* | |
| v. | |
| VANTAGE MANAGEMENT INC., ET AL. | Adv. Pro. No. 24-10022-ELG |
| *Defendant.* | |

## STIPULATION EXTENDING THE DEADLINE TO FILE ANSWER OR OTHERWISE RESPOND

The Parties have agreed that the deadline to reply or otherwise respond to the Complaint

shall be August 16, 2024, which date may be extended by further agreement of the Parties or

order of the Court:

1.      This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  A signature transmitted by facsimile or other electronic copy shall be deemed an original signature for purposes of this Stipulation.

2.      This Stipulation contains the entire agreement by and among the Parties with response to the Reply Deadline, and all prior understandings or agreements, if any, are merged into this Stipulation.

3.      The undersigned counsel hereby attest that they are duly authorized by their respective clients to enter into this Stipulation.

4.      This Stipulation may be changed, modified, or otherwise altered in a writing executed by the Parties.  Oral modifications are not permitted.

5.      This Stipulation shall be effective immediately upon execution by the Parties.

6.      The Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

**SEEN AND CONSENTED TO:**

MCNAMEE HOSEA, P.A.

__/s/ Janet Nesse_____
Janet M. Nesse (DC Bar 358514)
McNamee Hosea, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420
jnesse@mhlawyers.com
*Counsel to MP PPH, LLC*

- and -

GREENSTEIN DELORME & LUCHS, P.C.

_/s/ Alexandria Smith_____
Richard W. Luchs (DC Bar #243931)
Alexandria J. Smith (DC Bar #1781067)
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400; Fax (202) 452-1410
Email: rwl@gdllaw.com; ajs@gdllaw.com
*Counsel for Vantage Management Inc.*
*and Edgewood Management Corporation*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of July, 2024, a true copy of the foregoing

Stipulation Extending the Deadline to File an Answer or Otherwise Respond was served

electronically and a Notice of Electronic filing should be sent to all persons receiving notices via

the Court's CM/ECF system.

/s/ Alexandria J. Smith_____
Alexandria J. Smith

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE:

MP PPH, LLC

    *Debtor.*

Case No. 23-00246 ELG

Chapter 11

---

MP PPH, LLC,

    *Plaintiff,*

      *-vs-*

VANTAGE MANAGEMENT INC. and
EDGEWOOD MANAGEMENT CORPORATION,

    *Defendants.*

Adv. Pro. No. 24-10022-ELG

## CORPORATE OWNERSHIP STATEMENT FOR
## DEFENDANT VANTAGE MANAGEMENT INC.

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1, Defendant Vantage

Management Inc. ("Vantage") identifies its parent company as Edgewood Holding Corporation.

No publicly traded company owns any percentage of Vantage's stock.

### WERNER AHARI MANGEL LLP

By: _____ */s/ Gabriela Richeimer* _____
    Gabriela Richeimer (DC Bar No. 462520)

2112 Pennsylvania Avenue, NW
Suite 200
Washington, District of Columbia 20037
(202) 599-1092
gricheimer@wam.law
*Counsel for Defendants Vantage Management Inc.*
*and Edgewood Management Corporation*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on this 7th day of August, 2024, a true copy of the foregoing Corporate

Disclosure Statement for Defendant Vantage Management Inc. was served electronically and a

Notice of Electronic filing should be sent to all persons receiving notices via the Court's

CM/ECF system.

*/s/ Gabriela Richeimer*
Gabriela Richeimer

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE:<br><br>MP PPH, LLC<br><br>*Debtor.* | Case No. 23-00246 ELG<br><br>Chapter 11 |
| MP PPH, LLC,<br><br>*Plaintiff,*<br><br>*-vs-*<br><br>VANTAGE MANAGEMENT INC. and<br>EDGEWOOD MANAGEMENT CORPORATION,<br><br>*Defendants.* | Adv. Pro. No. 24-10022-ELG |

**CORPORATE OWNERSHIP STATEMENT FOR**
**DEFENDANT EDGEWOOD MANAGEMENT CORPORATION**

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1, Defendant Edgewood Management Corporation ("Edgewood") identifies its parent company as Full Circle Real Estate Partners, LLC. No publicly traded company owns any percentage of Edgewood's stock.

**WERNER AHARI MANGEL LLP**

By: _____ */s/ Gabriela Richeimer* _____
      Gabriela Richeimer (DC Bar No. 462520)

2112 Pennsylvania Avenue, NW
Suite 200
Washington, District of Columbia 20037
(202) 599-1092
gricheimer@wam.law
*Counsel for Defendants Vantage Management Inc.*
*and Edgewood Management Corporation*

**CERTIFICATE OF SERVICE**

     I certify that on this 7th day of August, 2024, a true copy of the foregoing Corporate

Disclosure Statement for Defendant Edgewood Management Corporation was served

electronically and a Notice of Electronic filing should be sent to all persons receiving notices via

the Court's CM/ECF system.

*/s/ Gabriela Richeimer*
_____
Gabriela Richeimer

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MP PPH, LLC,

     *Plaintiff,*

     *-vs-*

VANTAGE MANAGEMENT INC. and
EDGEWOOD MANAGEMENT CORPORATION,

     *Defendants.*

Civil No. _____

## [PROPOSED] ORDER

Upon consideration of Defendants' Motion for Withdrawal of the Reference ("Motion"),

any Opposition thereto, and for cause shown,

It is hereby ORDERED that the Motion is granted, and all further proceedings in this

matter will be conducted in this Court.

SO ORDERED.

_____

United States District Court Judge

Serve:

Mark W. Schweitzer
Janet M. Nesse
Christopher L. Hamlin
**MᴄNᴀᴍᴇᴇ Hᴏsᴇᴀ, P.A.**
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
mschweitzer@mhlawyers.com
jnesse@mhlawyers.com
chamlin@mhlawyers.com
*Counsel to MP PPH, LLC*

Gabriela Richeimer
**WERNER AHARI MANGEL LLP**
2112 Pennsylvania Avenue, NW, Suite 200
Washington, District of Columbia 20037
(202) 599-1092
gricheimer@wam.law

Richard W. Luchs
Alexandria J. Smith
**GREENSTEIN DELORME & LUCHS, P.C.**
801 17th Street, NW, Suite 1000
Washington, D.C. 20006
rwl@gdllaw.com
ajs@gdllaw.com

*Counsel for Vantage Management Inc.*
*and Edgewood Management Corporation*

Gabriela Richeimer (DC Bar No. 462520)
Werner Ahari Mangel LLP
2112 Pennsylvania Avenue, NW
Suite 200
Washington, District of Columbia 20037
(202) 599-1092
gricheimer@wam.law
*Counsel for Defendants Vantage Management Inc.*
*and Edgewood Management Corporation*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: | Case No. 23-00246 ELG |
| MP PPH, LLC | Chapter 11 |
| *Debtor.* | |
| MP PPH, LLC, | |
| *Plaintiff,* | |
| *-vs-* | Adv. Pro. No. 24-10022-ELG |
| VANTAGE MANAGEMENT INC. and EDGE-WOOD MANAGEMENT CORPORATION, | |
| *Defendants.* | |

## DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE

Pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure,

Rule 7 of the Local Rules of Practice for the United States District Court for the District of

Columbia, and Rule 5011-2 of the Local Rules of the United States Bankruptcy Court for the

District of Columbia, Defendants Vantage Management Inc. and Edgewood Management

Corporation (collectively, "Defendants"), by and through their undersigned counsel, request that the Court withdraw the reference of the above-captioned adversary proceeding from the United States Bankruptcy Court for the District of Columbia to the United States District Court for the District of Columbia.

In support of this Motion, the Defendants rely on the accompanying Memorandum of Points and Authorities.

Dated: August 8, 2024                       Respectfully Submitted,

                                            **WERNER AHARI MANGEL LLP**


                                            By: _____ s/*Gabriela Richeimer* _____
                                                Gabriela Richeimer (DC Bar No. 462520)

                                            2112 Pennsylvania Avenue, NW
                                            Suite 200
                                            Washington, District of Columbia 20037
                                            (202) 599-1092
                                            gricheimer@wam.law
                                            *Counsel for Defendants Vantage Management Inc.*
                                            *and Edgewood Management Corporation*


## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2024, I caused a copy of the foregoing, and all accompanying papers, to be served via the CM/ECF system on all counsel of record.


                                            *s/ Gabriela Richeimer*
                                            Gabriela Richeimer

Gabriela Richeimer (DC Bar No. 462520)
Werner Ahari Mangel LLP
2112 Pennsylvania Avenue, NW
Suite 200
Washington, District of Columbia 20037
(202) 599-1092
gricheimer@wam.law
*Counsel for Defendants Vantage Management Inc.*
*and Edgewood Management Corporation*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: | Case No. 23-00246 ELG |
| MP PPH, LLC | Chapter 11 |
| *Debtor.* | |
| MP PPH, LLC, | |
| *Plaintiff,* | |
| *-vs-* | Adv. Pro. No. 24-10022-ELG |
| VANTAGE MANAGEMENT INC. and EDGEWOOD MANAGEMENT CORPORATION, | |
| *Defendants.* | |

### MEMORANDUM OF LAW IN SUPPORT OF
### DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE

Defendants Vantage Management Inc. ("Vantage") and Edgewood Management Corporation ("Edgewood") (together, the "Defendants"), by and through their undersigned counsel, file this Memorandum of Points and Authorities in support of their Motion to Withdraw the Reference (the "Motion").

## INTRODUCTION

MP PPH, LLC ("Plaintiff") filed this breach of contract and tort action on June 28, 2024, as an adversary proceeding related to Plaintiff's Chapter 11 bankruptcy case, which was commenced on August 31, 2023. The adversary proceeding, is, at its heart, a contract dispute between Plaintiff—the owner of a certain Washington, D.C. apartment complex—and its long-ago property manager, Vantage. Plaintiff also names as a defendant Edgewood, a company formerly (but no longer) related to Vantage with no connection to the claims in this case. In the adversary proceeding Plaintiff asserts causes of action for: (1) breach of contract, (2) indemnification, (3) negligence, (4) contribution, (5) vicarious liability, (6) tortious interference with contract, (7) gross negligence, and (8) fraud.

Cause exists for withdrawing the reference for this adversary proceeding, pursuant to 28 U.S.C. § 157(d), for several reasons.

*First*, Defendants seek to withdraw the reference in the early stages of litigation of the adversary proceeding—at a time when the Bankruptcy Court has not yet become familiar with the facts of the dispute. Withdrawing the reference at this stage would promote judicial efficiency and economy. That is because the District Court could fully adjudicate the disputes at the earliest stage of litigation separate from the bankruptcy proceeding, allowing the Bankruptcy Court to solely focus on the bankruptcy issues and avoid managing a case that does not draw on the particular expertise of the Bankruptcy Court. Further, withdrawing the reference at this early stage could prevent the parties and courts from taking duplicative efforts to resolve the claims (as the Bankruptcy Court's findings and conclusions are subject to *de novo* review by the District Court).

*Second*, this adversary proceeding is not "core" to the bankruptcy, and therefore, the Bankruptcy Court lacks jurisdiction to enter final judgment on Plaintiff's claims. Removing the

dispute would allow the District Court to familiarize itself with the facts underlying the dispute at an early stage, promoting an efficient adjudication of the matter.

*Finally*, the Defendants have a right to a jury trial on Plaintiff's claims, and Defendants respectfully do not consent to a jury trial in the Bankruptcy Court.

## BACKGROUND

1.     On August 31, 2023, Plaintiff filed a voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, in the Bankruptcy Court, docketed as *In re MP PPH, LLC*, No. 23-00246-ELG.

2.     Vantage was the property manager for a 674-unit apartment complex known as Marbury Plaza located at 2300-2330 Good Hope Road, SE, Washington, D.C. 20020 (the "Property" or "Marbury Plaza"). *See* Doc. 1,[1] at ¶¶ 1, 4.

3.     Plaintiff owns the Property. *See id.* at ¶ 3.

4.     Plaintiff and Vantage entered into a Management Agreement dated April 27, 2015, as amended pursuant to the First Amendment to Management Agreement dated December 1, 2016, and the Second Amendment to Management Agreement dated March 1, 2021 (collectively, the "Management Agreement"). *See id.* at ¶ 15.

5.     Vantage terminated the Management Agreement in 2021.

6.     On July 1, 2021, the District of Columbia Office of the Attorney General filed a complaint against Plaintiff and Vantage for Violation of the Tenant Receivership Act and Consumer Protection Procedures Act, *District of Columbia v MP PPH, LLC, et al.*, Case No. 2021 CA 002209 B, in the Superior Court for the District of Columbia (the "OAG Lawsuit"). *See id.* at ¶ 25.

---

[1] References to "Doc." refer to the docket number of filings on the adversary proceeding docket.

7.     Plaintiff asserts that the OAG Lawsuit seeks in excess of $20 million in damages from Plaintiff and seeks to enforce the withholding of rent owed to Plaintiff from residents of the Property. *See id.* at ¶ 26.

8.     Plaintiff asserts that Defendants somehow are responsible for the liability sought against Plaintiff in the OAG Lawsuit. *See id.*

9.     Plaintiff also alleges that the value of the property deteriorated due to Defendants' actions between 2015 and 2021. *See id.*

10.    Plaintiff alleges that, despite Edgewood not being a party to the Management Agreement or otherwise performing management services at the Property, Edgewood is Vantage's purported alter-ego and "is liable for the acts, omissions and liabilities of Defendant Vantage." *See id.* at ¶ 30.

11.    Despite having the ability to assert its contract and tort claims against Vantage *years* prior to filing its Chapter 11 petition, Plaintiff waited until nearly a year after commencing this bankruptcy proceeding to file its claims in this action.

12.    Shortly after the initiation of the adversary proceeding, the parties executed a stipulation for extension of time to respond to the Complaint. The Defendants therefore have not yet filed a response to the Complaint.

13.    At this time, a scheduling conference has been set for September 4, 2024, but no substantive motions have been submitted to the Court, no scheduling order has been entered, and no discovery has been taken by any of the parties.

## ARGUMENT

### I.    Legal Standard

Under 28 U.S.C. § 1334(a), the district courts of the United States have "original and exclusive jurisdiction over all cases under title 11." Pursuant to Bankruptcy Administration Orders of this Court that were effective as of September 2015 and updated in January 2024, all bankruptcy cases and proceedings arising in or related to bankruptcy cases are automatically referred to the Bankruptcy Court. *See* D.D.C. Local Rules, Administration of the Bankruptcy System, DCt. LBR 5011-1. Pursuant to 28 U.S.C. § 157(d), however, the "district court may withdraw, in whole or in part, any case or proceeding referred under this Section, on its own motion or on timely motion of any party, for cause shown." Withdrawing a reference under this section is at the District Court's discretion. *See In re Specialty Hosp. of Washington, LLC*, 558 B.R. 471, 472 (D.D.C. 2016).

Federal courts have outlined factors to consider as cause to withdraw a reference, including "whether the proceedings are core proceedings, 'the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors.'" *In re Ellipso, Inc.*, 477 B.R. 278, 281 (D.D.C. 2012) (quoting *Security Farms v. International Bhd. Of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997)). In this matter, all of these factors favor withdrawing the referencing and moving this matter to the District Court.

### II.    The Court Should Withdraw the Reference with Respect to this Newly-Filed, Non-Core Adversary Proceeding.

This Court should withdraw the reference with regard to this adversary proceeding because: (1) the District Court, at this early stage of the litigation, could more efficiently handle the state law claims in the newly-filed adversary proceeding, allowing the Bankruptcy Court to expedite the Bankruptcy proceedings; (2) the Complaint raises only non-core claims unrelated to Plaintiff's Bankruptcy proceeding, as to which the Bankruptcy Court does not have authority to

issue final adjudications; and (3) the Defendants, in responding to the Complaint, plan to request a jury trial on all claims, which weighs in favor of withdrawing the reference.

### A.  Withdrawing the Reference Will Promote Judicial Economy and Efficiency.

The factors outlined in *Ellipso* favor withdrawing the reference of the adversary proceeding. At the outset, federal courts find that promptly moving to withdraw the reference at the early stages of litigation of an adversary proceeding weighs in favor of withdrawal. *See, e.g., Seitz as Trustee for City Line Behavioral Healthcare, LLC and Life of Purpose-Pennsylvania, LLC v. Rothermel*, 638 B.R. 846, 852 (E.D. Pa. 2022) ("The Adversary Proceeding is yet in the earliest stages of litigation . . . [t]his establishes that Defendants' Motion was timely, a factor in their favor."). "A § 157(d) motion is timely if it is filed at the first reasonable opportunity after the movant has notice of the grounds for removal, taking into consideration the circumstances of the proceeding." *In re Schelein*, 188 B.R. 13-15 (Bankr. E.D. Pa. 1995) (concluding a motion to withdraw was timely filed when defendants submitted the motion five weeks after the amended complaint was filed in the adversary proceeding and one week after the Bankruptcy Court's ruling on abstention and transfer issues); *United States v. Kaplan*, 146 B.R. 500, 503 (D. Mass. 1992) ("courts are in general agreement that a motion is timely if it was made as promptly as possible in light of the developments in the bankruptcy proceeding, or, more simply, if it was made at the first reasonable opportunity.") (internal citation and quotations omitted).

Here, Plaintiff just recently filed this adversary proceeding on June 28, 2024, and the docket reflects that the Summonses were placed in the mail on July 3, 2024. As the Plaintiff just initiated the proceeding, and Defendants only recently were served, they have not yet been required to respond to the Complaint, and the parties have not taken any discovery or conducted substantive motion practice. Accordingly, the timing of this Motion at this early stage of the proceeding weighs

in favor of withdrawal.

Further, withdrawing the reference at this early stage will benefit the economic interests of the parties and promote judicial economy and efficiency. In handling this matter from, essentially, its inception, the District Court will be able to develop an understanding of the facts and applicable law at this early stage and more efficiently adjudicate the coverage issues. This would circumvent duplicative efforts of both the parties and the courts—as any findings of fact and conclusions of law made in the Bankruptcy Court would ultimately require a de novo review by the District Court. *See, e.g., In re Specialty Hosp. of Washington, LLC*, 558 B.R. at 472 ("Absent consent, however, the bankruptcy court[ ] in non-core proceedings may only submit proposed findings of fact and conclusions of law, which the district court[ ] review[s] de novo.") (internal quotations omitted).

Because the adversary proceeding concerns state law contract and tort claims, the Complaint does not turn on the application or interpretation of bankruptcy law and does not draw on the particular expertise of the Bankruptcy Court. Judicial efficiency would be promoted by withdrawing the reference so that the Bankruptcy Court need not address issues outside its area of specialized knowledge. *See Baxter v. Sherb & Co., LLP (In re Money Ctrs. of Am., Inc.)*, 579 B.R. 710, 715 (S.D.N.Y. 2016) ("[I]t is a waste of judicial resources for a court of specialized bankruptcy knowledge to administer a case that does not require application of that knowledge."); *see also In re G-I Holdings, Inc.*, 295 B.R. 211, 217–18 (D. N.J. 2003) ("Because this proceeding entails exclusively state law claims against a non-debtor, it is in the Court's best interest to adjudicate the non-bankruptcy dispute once, while the Bankruptcy Court continues to administer the chapter 11 reorganization and conduct other common bankruptcy proceedings.").

Defendants respectfully submit that prompt withdrawal of the reference of the adversary proceeding that permits full resolution of the claims at issue—which have not been addressed in

detail in and cannot ultimately be decided by the Bankruptcy Court—is necessary and appropriate.

**B.  The Adversary Proceeding is a Non-Core Proceeding.**

An additional factor in determining whether a court should grant a request for withdrawal of the reference is whether the adversary proceeding is "core" or "non-core" to the bankruptcy case. The jurisdiction vested in bankruptcy courts is limited. *See In re Resorts Intern., Inc.*, 372 F.3d 154, 161 (3d Cir. 2004). A "bankruptcy court, generally, may hear and determine and may enter appropriate orders and judgments in all core proceedings arising under bankruptcy law or arising in a bankruptcy case subject to the district court's review." *In re Specialty Hosp. of Washington, LLC*, 558 B.R. at 472 (citations and quotations omitted). A bankruptcy court may hear, but not enter final judgment on, "non-core" matters, which merely "relate" to a case under Title 11 when the parties do not consent to such entry of judgment.[2] *See Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 34 (2014). In other words, the distinction between "core" and "non-core" claims is whether a bankruptcy court has adjudicatory jurisdiction (core) or has a restricted judicial role (non-core). *See Mirant Corp. v. The S. Co.*, 337 B.R. 107, 115 (N.D. Tex. 2006).

Section 157(b)(2) enumerates a non-exhaustive list of core proceedings:

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate;

---

[2] Defendants respectfully do not consent to entry of a final judgement in this matter by the Bankruptcy Court.

(F)  proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annul, or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

(I)  determinations as to the dischargeability of particular debts;

(J)  objections to discharges;

(K) determinations of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M)orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and

(P)  recognition of foreign proceedings and other matters under chapter 15 of title 11.

The adversary proceeding does not qualify as a "core" proceeding under Section 157(b)(2). Although Plaintiff's Complaint invokes paragraph (O) ("other proceedings"), this is plainly incorrect. Plaintiff's Complaint concerns a dispute over alleged breaches of contract and indemnification purportedly owed under the Management Agreement, which was executed in 2015 and terminated in 2021—all years before Plaintiff filed its Chapter 11 petition and, ultimately, the adversary proceeding.

Moreover, the adversary proceeding does not invoke a substantive right provided by Title 11, nor are the contract claims or tort claims proceedings that "could only arise in a bankruptcy case." *See In re Morrison*, 409 B.R. 384, 390 (S.D. Tex. 2009). All the claims alleged in the Complaint are state law causes of action. Federal courts repeatedly have recognized that claims

based exclusively on state law are non-core proceedings. *See In re Athos Steel and Aluminum, Inc.*, 71 B.R. 525, 534 (Bankr. E.D. Pa. 1987) ("[P]roceedings which involve a cause of action created solely by state law, brought by or on behalf of the debtor, and which do not otherwise fall within the provisions of 28 U.S.C. § 157(b)(2)(B)–(N), are noncore matters."); *DeWitt Rehab. & Nursing Ctr., Inc. v. Columbia Cas. Co.*, 464 B.R. 587, 592 (S.D.N.Y. 2012) (holding that traditional contract actions arising under state law are non-core proceedings).

Because the claims in the adversary proceeding are non-core and Defendants here do not consent to the entry of judgment by the Bankruptcy Court, the Bankruptcy Court lacks the authority to enter final judgments on those claims. *See Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 670, 671 (2015). And, because the adversary proceeding is non-core, this factor weighs heavily in favor of the District Court withdrawing the reference here. *See Michaelesco v. Shefts*, 303 B.R. 249, 252 (D. Conn. 2004) ("the fact that a bankruptcy court's determination on non-core matters is subject to *de novo* review by the district court could lead the latter to conclude that in a given case unnecessary costs could be avoided by a single proceeding in the district court."); *Control Ctr., L.L.C. v. Lauer*, 288 B.R. 269, 275 (M.D. Fla. 2002) ("a determination that a proceeding is non-core weighs in favor of transferring the matter to a district court.").

## C.  Defendants are Entitled to a Jury Trial and Will Not Consent to One in the Bankruptcy Court.

The Defendants in this action are entitled to a jury trial on the non-core adversary proceeding claims. The Bankruptcy Court, however, may not hold a jury trial for the claims raised in the Complaint if all parties do not consent. *See* DCt. LBR 9015-1 (allowing for jury trials conducted by the Bankruptcy Court "with the express consent of all parties"). Because Defendants intend to exercise their right to a trial by jury in the District Court, withdrawal of the reference with respect to this adversary proceeding is appropriate.

## CONCLUSION

For the reasons outlined in this Memorandum of Points and Authorities, the District Court should withdraw the reference of this non-core adversary proceeding from the Bankruptcy Court, and the state law claims asserted in the Complaint should proceed before the District Court.

Dated: August 8, 2024                      Respectfully Submitted,

                                           s/ Gabriela Richeimer

                                           Gabriela Richeimer (D.C. Bar No. 462520)
                                           Werner Ahari Mangel LLP
                                           2112 Pennsylvania Avenue, NW
                                           Suite 200
                                           Washington, District of Columbia 20037
                                           (202) 599-1092
                                           gricheimer@wam.law
                                           *Attorney for Defendants Vantage Management Inc.
                                           and Edgewood Management Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2024, I caused a copy of the foregoing, and all accompanying papers, to be served via the CM/ECF system on all counsel of record.

                                           s/Gabriela Richeimer
                                           Gabriela Richeimer

Gabriela Richeimer (DC Bar No. 462520)
Werner Ahari Mangel LLP
2112 Pennsylvania Avenue, NW
Suite 200
Washington, District of Columbia 20037
(202) 599-1092
gricheimer@wam.law
*Counsel for Defendants Vantage Management Inc.*
*and Edgewood Management Corporation*

# United States Bankruptcy Court
## District of Columbia

| | |
|---|---|
| In re | ) |
| *MP PPH, LLC,* | ) |
| | ) |
| | ) |
| Debtor. | ) Case No. 23-00246 |
| | ) |
| Address | ) |
| | ) |
| 555 Broadhollow Road, Suite 200 | ) |
| Melville, New York 11747 | ) |
| | ) |
| | ) |
| | ) |
| | ) |

### NOTICE OF MOTION TO WITHDRAW THE REFERENCE

Vantage Management Inc. and Edgewood Management Corporation have filed papers with the court to withdraw the reference with respect to Adversary Proceeding No. 24-10022-ELG, *MP PPH, LLC v. Vantage Management, Inc., et al.*

      <u>**Your rights may be affected.**</u> **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

      If you do not want the court to withdraw the reference with respect to Adversary Proceeding No. 24-10022-ELG, *MP PPH, LLC v. Vantage Management, Inc., et al.* or if you want the court to consider your views on the motion, then on or before <u>August 22, 2024</u>, you or your attorney must:

      File with the court a response to the motion at:

      333 Constitution Avenue, N.W.
      Washington, DC 20001
      Room 1225

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy to:

Gabriela Richeimer
Werner Ahari Mangel LLP
2112 Pennsylvania Avenue, NW
Suite 200
Washington, District of Columbia 20037
(202) 599-1092

Richard W. Luchs
Alexandria J. Smith
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400

Janet M. Nesse
McNamee Hosea, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420
jnesse@mhlawyers.com

Pursuant to Local Rule 9013, the response in opposition to a motion must be in writing, state with particularity the grounds therefor, and be filed with the Court.  A party filing a response to a motion may file therewith a memorandum of points and authorities setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the party relies. The memorandum and the motion or response thereto, may be combined in a single pleading. Supporting affidavits or documents entitling the movant to the relief requested may be filed with a motion.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date: <u>August 8, 2024</u>

s/ Gabriela Richeimer
Gabriela Richeimer (DC Bar No. 462520)
Werner Ahari Mangel LLP
2112 Pennsylvania Avenue, NW
Suite 200
Washington, District of Columbia 20037
(202) 599-1092
gricheimer@wam.law
*Counsel for Defendants Vantage Management Inc.
and Edgewood Management Corporation*

# DESIGNATION OF RECORD FOR MOTION TO WITHDRAW REFERENCE

## Pursuant to DCt. LBR 5011-2(d)

# List of Documents Relevant to the Motion to Withdraw the Reference

Adversary Proceeding Docket

<mark>Doc. 1</mark>: Complaint

<mark>Doc. 4</mark>: Service of Summons

<mark>Doc. 5</mark>: Service of Summons

<mark>Doc. 6</mark>: Stipulation for Extension of Time

TO ORDER COPIES OF ANY DOCUMENTS LISTED
BELOW, CALL WESTLAW COURTEXPRESS
1-877-DOC-RETR (1-877-362-7387) (Additional Charges Apply)

**This docket is current through 08/07/2024**

Today's Date: 8/7/2024
Source: U.S. Bankruptcy Court, District of Columbia (Washington, DC)

**CASE INFORMATION**

| | |
|---|---|
| **Court:** | U.S. Bankruptcy Court, District of Columbia (Washington, DC) |
| **Case Title:** | MP PPH, LLC v. Vantage Management, Inc |
| **Case:** | 1:24-AP-10022 |
| **Judge:** | Bankruptcy Judge Elizabeth L. Gunn |
| **Date Filed:** | 06/28/2024 |
| **Office:** | Washington, DC |
| **Case Type / Chapter:** | Adversary Proceeding |
| **Status:** | Awaiting Answer to Complaint |
| | 06/28/2024 |
| | 40 days |
| | Status Set By: Complaint |
| **Other Dockets:** | Lead BK Case: 23-00246 |
| | Lead BK Chapter: 11 |
| | Lead Case: 23-00246-ELG |
| | Lead BK Title: MP PPH LLC |
| **Case Number:** | 1:24-AP-10022 |
| **Demand Amount:** | $20000000 |
| **Nature of Suit:** | Recovery of money/property - 542 turnover of property |
| **Key Nature of Suit:** | Bankruptcy; Adversary Proceeding (060.03) |

**CREDITOR INFORMATION**
View Creditor Information

**OTHER PARTIES**

| MP PPH, LLC |
|---|

| | |
|---|---|
| **Type:** | Plaintiff |
| **Party Address:** | 555 Broadhallow Road |
| | Suite 200 |
| | Melville, NY 11747 |
| **Attorney(s):** | Janet M. Nesse |
| **Attorney Address:** | 6404 Ivy Lane |
| | Ste 820 |
| | Greenbelt, MD 20770 |
| **Attorney Phone:** | 301-441-2420 |
| **Email:** | jnesse@mhlawyers.com |

**WESTLAW**   © 2024 Thomson Reuters. No claim to original U.S. Government Works.

| **Vantage Management, Inc** |
|---|

Type:                    Defendant
Party Address:           c/o CT Corporation Systems
                         1015 15th Street, NW
                         Suite 1000
                         Washington, DC 20005
Attorney(s):             Vantage Management, Inc
Status:                  PRO SE

| **Edgewood Management Company** |
|---|

Type:                    Defendant
Party Address:           c/o CT Corporation System
                         1015 15th Street, NW
                         Suite 1000
                         Washington, DC 20005
Attorney(s):             Alexandria Jean Smith
Firm Name:               Greenstein DeLorme and Luchs PC
Attorney Address:        801 17th Street NW
                         Suite 1000
                         Washington, DC 20006
Attorney Phone:          202-452-1400
Email:                   ajs@gdllaw.com

**CALENDAR (2)**

| Date: | Time: | Event Filed: | Judge: | Calendar Entry: |
|---|---|---|---|---|
| 08/01/2024 | | 07/02/2024 | | Answer to Complaint AP |
| 09/04/2024 | 10:00 AM | 07/02/2024 | | Status Hearing |

**CALENDAR INFORMATION**
View Calendar Information

**DOCKET PROCEEDINGS (6)**

| Entry #: | Date: | Description: | | |
|---|---|---|---|---|
| 6 | 07/30/2024 | Stipulation By Edgewood Management Company and MP PPH, LLC. Filed by Edgewood Management Company. (Re: Related Document(s) #: 1 Complaint.) (Attachments: # 1 Proposed Order)(Smith, Alexandria) (Entered: 07/30/2024) | View | Add to request |
| 5 | 07/03/2024 | Summons Service Executed on Edgewood Management Company 7/3/2024 (Nesse, Janet) (Entered: 07/03/2024) | Docket Status View | Add to request |
| 4 | 07/03/2024 | Summons Service Executed on Vantage Management, Inc. 7/3/2024 (Nesse, Janet) (Entered: 07/03/2024) | Docket Status View | Add to request |

| 3 | 07/02/2024 | Summons Issued on Edgewood Management Company , Vantage Management, Inc. Number of Summons Issued: 2. Answer due by: 8/1/2024. YOU MUST PRINT YOUR ISSUED SUMMONS, WHICH IS ATTACHED TO THIS DOCUMENT. PAPER COPIES WILL NOT BE MAILED. Status Hearing to be held on 9/4/2024 at 10:00 AM Courtroom 1 and Zoom; Contact aimee_mathewes@dcb.uscourts.gov for meeting code. (Attachments: # 1 Summons 2) (Mathewes, Aimee) (Entered: 07/02/2024) | View | Add to request |
| 2 | 06/28/2024 | Receipt of Complaint(24-10022-ELG) [cmp,cmp] ( 350.00) Filing Fee. Receipt numberA2757117. Fee Amount 350.00 (Nesse, Janet) (re:Doc# 1 ) (U.S. Treasury) (Entered: 06/28/2024) | Send Runner to Court |  |
| 1 | 06/28/2024 | Adversary case 24-10022. Complaint by MP PPH, LLC against Vantage Management, Inc., Edgewood Management Company. (Fee Amount of $350) . (542 (Breach of Contract, Turnover, Accounting, Unjust Enrichment)) (Nesse, Janet) (Entered: 06/28/2024) | View | Add to request |

**CLAIMS REGISTER INFORMATION**

View Claims Register Information

TO ORDER COPIES OF ANY DOCUMENTS LISTED
ABOVE, CALL WESTLAW COURTEXPRESS
1-877-DOC-RETR (1-877-362-7387) (Additional Charges Apply)

**End of Document**                    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

Mark W. Schweitzer (Bar No.451459)
Janet M. Nesse (Bar No. 358514)
Christopher L. Hamlin (Bar No. 04597)
McNamee Hosea, P.A.,
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
mschweitzer@mhlawyers.com
jnesse@mhlawyers.com
chamlin@mhlawyers.com
*Attorneys for Plaintiff MP PPH, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | * | |
| | | |
| MP PPH, LLC | * | |
| | | Case No. 23-00246 ELG |
| Debtor. | * | Chapter 11 |
| | | |
| _____ | * | |
| MP PPH, LLC | | |
| 555 Broadhollow Road, Suite 200 | * | |
| Melville, New York 11747 | | |
| | * | |
| Plaintiff | | |
| v. | * | |
| | | |
| VANTAGE MANAGEMENT INC. | * | |
| 9711 Washington Blvd., Suite 200 | | |
| Gaithersburg, Maryland 20878 | * | Adv. Proceeding No. _____ |
| | | |
| Serve on: CT Corporation System | * | |
| 1015 15th Street NW, Suite 1000 | | |
| Washington, DC 20005 | * | |
| | | |
| and | * | |
| EDGEWOOD MANAGEMENT CORPORATION | | |
| 9711 Washington Blvd., Suite 200 | * | |
| Gaithersburg, Maryland 20878 | | |
| | * | |
| Serve on: CT Corporation System | | |
| 1015 15th Street NW, Suite 1000 | * | |
| Washington, DC 20005 | | |
| | * | |

1

Defendants                                    *

_____

## **COMPLAINT**

Plaintiff MP PPH, LLC, by and through its attorneys, Mark W. Schweitzer, Janet M. Nesse, Christopher L. Hamlin and McNamee Hosea, P.A., pursuant to 11 U.S.C. §105 and Bankruptcy Rules 7001 *et seq.*, files this Complaint against Defendants Vantage Management, Inc., and Edgewood Management Corporation, and in support thereof states as follows:

### **Introduction**

1.    This adversary proceeding arises from the conduct of Defendants Vantage Management, Inc., and Edgewood Management Corporation regarding the management of a 674-unit apartment complex known as Marbury Plaza located at 2300-2330 Good Hope Road, SE Washington, D.C. 20020 (the "Property" or "Marbury Plaza"). The Property consists of nine buildings, including two eleven-story towers (Buildings "2300" and "2330" and seven garden-style buildings (Buildings "2302", "2304", "2306", 2312", "2316", "2320", and "2324").

2.    Marbury Plaza was constructed in 1968, and it was described as, <u>inter alia</u>, an "exceptional D.C. living experience" and "the best high-rise living in Southeast Wahington D.C." It commands a magnificent view of the city.

3.    Plaintiff MP PPH, LLC (the "Plaintiff") is the owner of the Property. Plaintiff purchased the Property in June 2015. The Property has approximately 2,500 tenants. The tenants include individuals who receive housing subsidies through various federal and state housing voucher programs.

4.    Defendant Vantage Management, Inc. ("Defendant Vantage") and Defendant Edgewood Management Corporation ("Defendant Edgewood") are residential rental property

managers. Defendants Vantage and Edgewood (collectively, the "Defendants") began their management of the Property in April 2015 and continued as property managers until October 2021.

5.      During Defendants' tenure as property managers, particularly beginning in 2017, the Property underwent significant physical deterioration, leading to claims of the accumulation of mold in apartments, insufficient and non-working heating and cooling systems, persistent water leaks, loss of the use of elevators and stairway chair lifts, defective electrical outlets, non-working laundry rooms, ongoing fire and safety violations, and closure of the swimming pool.

6.      Defendants Vantage and Edgewood failed to respond to concerns, to address these conditions or to conduct routine maintenance on the Property in spite of having substantial funds provided to upkeep the Property.

7.      Defendants' actions caused the Plaintiff to be charged with failing to provide adequate security for the residents of the Property.

8.      Defendants Vantage and Edgewood were terminated as property managers in October 2021. Since then, under new management, violations are being addressed, repairs are being made, and the condition of the Property has stabilized.

9.      As set forth herein, Plaintiff has incurred significant damages as a direct result of Defendants' actions and inactions

**The Parties**

10.      Plaintiff MP PPH, LLC is a limited liability company organized under the laws of the State of Delaware. Plaintiff's principal place of business is located in the District of Columbia. Plaintiff filed a voluntary Chapter 11 petition on August 31, 2023, and has operated as the Debtor-in-Possession since that time.

11.      From 2015 through 2021, Defendant Vantage Management, Inc., was located at

9711 Washinton Boulevard, Gaithersburg, Maryland 20878. Defendant Vantage is one of three "Ford Family Companies" that have been providing property management services in the District of Columbia for over 40 years.

12.    From 2015 through 2021, Defendant Edgewood was located at 9711 Washinton Boulevard, Gaithersburg, Maryland 20878. Defendant Edgewood is also one of three "Ford Family Companies" that have been providing property management services in the District of Columbia for over 40 years. Defendant Edgewood has over 500 employees and manages approximately 200 properties in the eastern United States. At all times relevant hereto, Defendant Edgewood and Defendant Vantage shared the same leadership, ownership, and Board of Directors. Defendants Vantage and Edgewood managed the Property as one entity from April 2015 through October 2021. Defendant Edgewood and its employees in fact controlled and directed the management of the Property from April 2015 through October 2021.

## Jurisdiction and Venue

13.    Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1334 and 157(b).  This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(O) and Rule 7008 of the Bankruptcy Rules.

14.    Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Statement of Facts

15.    Plaintiff entered into a Management Agreement with Defendant Vantage dated April 27, 2015, as amended pursuant to the First Amendment to Management Agreement dated December 1, 2016, and the Second Amendment to Management Agreement dated March 1, 2021 (collectively, the "Management Agreement").  Pursuant to the terms of the Management Agreement, Defendant Vantage agreed to provide full management services for the Property. Defendant Edgewood, as alter ego of Defendant Vantage, was a party to the Management

Agreement, based upon its unity of interests with Defendant Vantage and its de facto control of the management of the Property.

16. For the first two years, the Defendant maintained regular contact with the Plaintiff, through employees of Defendant Edgewood and Dr. Anothony Pilavas on behalf of the Plaintiff. Regular meetings were scheduled and expenditures for the property were approved, and the Property was in good standing.

17. Defendants Vantage and Edgewood thereafter failed to properly manage the Property and allowed significant physical deterioration of the Property, causing the Plaintiff to be charged with many housing violations. All notices of violations were sent to the Defendants at their business address, not to the Property, or to the Plaintiff, and not to the principals of the Plaintiff.

18. The District of Columbia Department of Consumer and Regulatory Affairs ("DCRA") performed multiple inspections of the Property from 2017 through November 2021. During this time, the DCRA asserted approximately 834 housing code violations that it alleged constituted serious threats to the life, health, safety, and security of the residents of the Property. The charged/violations included, inter alia, (i) serious and persistent water leaks and mold infestations; (ii) defective heating and air conditioning systems; (iii) mice, pest and bed bug infestations; (iv) holes and cracks in walls; (v) defective electrical outlets; (vi) loose and peeling paint; (vii) missing smoke detectors; (viii) missing carbon monoxide alarms; and (ix) defective and broken door locks on the Property.

19. The Defendants failed to correct violations, failed to input into the DC violation system information confirming that violations had been corrected, failed to follow up with DC to

5

ensure that notices of violations were removed after corrections were made, and failed to track violations.

20.      The District asserted that the Property did not have proper operational stairway chair lifts and elevators designated for persons with disabilities. Defendants' claim of failure to provide such facilities or to request funds to provide and maintain them led to a claim that the lack of facilities caused a loss of use impaired the access of residents with disabilities to their apartments, parking garages and common areas of the Property The District also asserted that Defendants failed to properly maintain the swimming pool for the Property, which was closed due to such neglect. Causing a loss of use.

21.      Defendants also apparently maintained a policy of refusing to rent to individuals with housing vouchers and thereby discriminated against District residents with such vouchers, causing the Plaintiff to be charged with housing violations. This violation was the triggering event that brought the Property to the attention of the District.

22.      Defendants were charged with failing to maintain adequate security for the residents of the Property, thereby causing the Plaintiff to be charged.

23.       Defendants were notified and had knowledge of the asserted housing problems, property damage and deteriorating conditions at the Property from 2017 through 2021. Beginning in 2017, the DCRA performed multiple inspections of the Property and asserted 834 housing code violations on the Property. Defendants failed to address or correct the myriad problems on the Property or to track and obtain confirmation of such corrections. Defendants' indifference and neglect of their duties led to property damage deteriorating conditions of the Property, subjected Plaintiff to significant claims by the District for such violations, devaluation of the Property, and the imposition of rent reductions.

24. Defendants also failed to advise Plaintiff of the hundreds of housing code violations issued by the DCRA regarding the Property, notice of which was sent to the Defendants. Plaintiff provided Defendants with substantial funds for maintenance and repairs of the Property, to be held in escrow by Defendants. The funds were to be used as necessary by Defendants for ongoing maintenance and repairs of the Property. Despite this funding, Defendants repeatedly failed to perform required maintenance or repairs. As a result, Plaintiff has incurred significant damages.

25. On July 1, 2021, the District filed a Complaint for Violation of the Tenant Receivership Act and Consumer Protection Procedures Act in a case styled as <u>District of Columbia v MP PPH, LLC,</u> et al., Case No. 2021 CA 002209 B, in the Superior Court for the District of Columbia (the "Civil Case"). The District's claims against Plaintiff in the Civil Case arise from and are based upon the Defendants failure to provide management services as required under the Management Agreement and under the common law of the District.

26. The District seeks damages against Plaintiff in excess of $20,000,000.00, rents have been withheld, the terms of the secured loan on the property have changed, and the value of the Property has deteriorated enormously because of the actions and inactions of the Defendants.

27. Defendants' actions and inactions caused a loss of use of parts of the Property and of certain amenities including, but not limited to, the pool and the laundry rooms.

**<u>Defendant Edgewood is the Alter-Ego of Defendant Vantage</u>**.

28. Upon information and belief, at all times relevant hereto, Defendant Vantage had no employees, staff, or personal property to enable it to provide services under the Management Agreement. Defendant Vantage was also inadequately capitalized and held *de minimis* assets, if any, at all times relevant hereto. All interactions of Plaintiff with Defendants was with Edgewood employees and correspondence was from Edgewood email addresses.

7

29.     Upon information and belief, at all times relevant hereto, Defendant Vantage's finances, policies and business practices were dominated and controlled by Defendant Edgewood's leaders, owners and Board of Directors, such that Defendant Vantage had no separate authority or existence of its own. Defendant Vantage also routinely disregarded corporate formalities, based on its lack of employees or staff.

30. Defendant Edgewood used its control and operation of Defendant Vantage to avoid liability arising from or related to the performance of management services. Accordingly, it would be inequitable and fundamentally unfair to allow Defendant Edgewood to avoid liability for the failure to properly manage the Property and the resulting harm to the Property, its tenants, and the Plaintiff. Based upon the foregoing, Defendant Edgewood is the alter-ego of Defendant Vantage, and Defendant Edgewood is liable for the acts, omissions and liabilities of Defendant Vantage as set forth herein.

## Count I
## BREACH OF MANAGEMENT AGREEMENT

31.     Plaintiff incorporates all prior paragraphs as if set forth herein, into this Count, and further states as follows:

32.     Pursuant to the terms of the Management Agreement, Defendants agreed to provide full management services for the Property.

33.     Defendants failed to provide management services for the Property as required under the Management Agreement.  Defendants failed to provide proper maintenance or perform necessary repairs and corrections to address the deteriorating conditions on the Property. Defendants' failure to maintain and repair the Property and/or to track corrections resulted in inter alia, assertions against the Plaintiff of (i) serious and persistent water leaks and mold infestations; (ii) defective heating and air conditioning systems; (iii) mice, pest and bed bug infestations; (iv)

8

holes and cracks in walls; (v) defective electrical outlets; (vi) loose and peeling paint; (vii) missing smoke detectors; (viii) missing carbon monoxide alarms; and (ix) defective and broken door locks on the Property.

34.    Defendants also engaged in discriminatory policies and conduct against tenants and potential tenants leading to a claim against the Plaintiff that started a cascade of District focus on the Property.

35.    Defendants failed to maintain adequate security for the residents of the Property, to advise the Plaintiff of security issues and to record and track corrective actions.

36.    Based upon Defendants' failure to properly repair and maintain the Property and to provide the requisite management services, Defendants breached the terms of the Management Agreement.

37.    Plaintiff has incurred damages as a direct and proximate result of Defendants' breach of the Management Agreement.

38.   Plaintiff has also incurred attorney's fees and costs as a direct and proximate result of Defendants' breach of the Management Agreement.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A.    **ORDER** that judgment be entered on behalf of Plaintiff in the amount of not less than $20,000,000.00, against Defendants Vantage. and Edgewood jointly and severally, plus interest, fees, and costs; and further,

B.    **ORDER** that Plaintiff be awarded reasonable attorney's fees and cost against Defendants Vantage and Edgewood, as incurred in this matter; and

C.    **ORDER** such other and further relief as is just and appropriate.

## Count II

## **INDEMNIFICATION**

39.     Plaintiff incorporates all prior paragraphs as if set forth herein, into this Count, and further states as follows:

40.     Pursuant to the Management Agreement, Defendants expressly agreed to indemnify Plaintiff for claims arising from or related to the acts or omissions of Defendants "which are in breach of Defendants' obligations under the Management Agreement."

41.     Pursuant to the terms of the Management Agreement, Defendants agreed to provide full management services for the Property. Defendants failed to provide management services for the Property as required under the Management Agreement.  Defendants failed to provide proper maintenance of the Property, notice to the Plaintiff, and compliance with report requirements of the District resulting in claims of    inter alia, (i) serious and persistent water leaks and mold infestations; (ii) defective heating and air conditioning systems; (iii) mice, pest and bed bug infestations; (iv) holes and cracks in walls; (v) defective electrical outlets; (vi) loose and peeling paint; (vii) missing smoke detectors; (viii) missing carbon monoxide alarms; and (ix) defective and broken door locks on the Property. Defendants also engaged in discriminatory conduct against tenants and potential tenants.

42.     Defendants thereby breached the terms of the Management Agreement.

43.     On July 1, 2021, the District filed its Complaint for Violation of the Tenant Receivership Act and Consumer Protection Procedures Act in the Civil Case. The District's claims against Plaintiff in the Civil Case arise from and are based upon the Defendant's failure to provide management services as required under the Management Agreement. The District seeks damages against Plaintiff in excess of $20,000,000.

44.     Pursuant to the express terms of the Management Agreement, Defendants are

liable for indemnification of Plaintiff for all damages awarded to the District against Plaintiff in the Civil Case.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.      **ORDER** that judgment be entered on behalf of Plaintiff MP PPH, LLC in the amount of not less than $20,000,000.00, against Defendants Vantage and Edgewood, jointly and severally, plus interest, fees, and costs; and

B.      **ORDER** that Plaintiff be awarded reasonable attorney's fees against Defendants Vantage and Edgewood, as incurred in this matter; and

C.      **ORDER** such other and further relief as is just and appropriate.

### Count III
### NEGLIGENCE

Plaintiff incorporates all prior paragraphs as if set forth herein, into this Count, and further states, as follows:

45.      Defendants acted as property managers for the Property from 2015 through 2021. As property managers, Defendants had a duty of care to Plaintiff to properly manage, maintain and preserve the Property.

46.      Defendants failed to provide proper maintenance of the Property, resulting in, inter alia, (i) serious and persistent water leaks and mold infestations; (ii) defective heating and air conditioning systems; (iii) mice, pest and bed bug infestations; (iv) holes and cracks in walls; (v) defective electrical outlets; (vi) loose and peeling paint; (vii) missing smoke detectors; (viii) missing carbon monoxide alarms; and (ix) defective and broken door locks on the Property. Defendants also engaged in discriminatory conduct against tenants and potential tenants.

47.      Defendants breached their duty of care to Plaintiff by failing to properly manage, maintain and preserve the Property.

48.    Defendants' failure to properly manage the Property did not meet the standard of care for Property Managers and did not comply with the laws of the District Defendants' failure to properly manage the Property was an utter failure to perform their manifest duty in disregard of the consequences of their conduct. Defendants' conduct constitutes negligence.

49.    Plaintiff incurred damages as a direct and proximate result of Defendants' negligence in the form of claims levied against the Plaintiff and diminution of the value of the Property.

50.    Defendants failed to notify plaintiff of a huge increase in real estate taxes assessment and failed to timely appeal that assessment, causing substantial monetary damages to the Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.  **ORDER** that judgment be entered on behalf of Plaintiff in the amount of not less than $20,000,000.00, against Defendants Vantage and Edgewood, jointly and severally, plus interest, fees, and costs; and,

B.   **ORDER** that Plaintiff MP PPH, LLC be awarded reasonable attorney's fees against Defendants Vantage Management, Inc. and Edgewood Management Corporation, as incurred in this matter; and

C.  **ORDER** such other and further relief as is just and appropriate.

## Count IV
### CONTRIBUTION

51.    Plaintiff incorporates all prior paragraphs as if set forth herein, into this Count, and further states, as follows:

12

52.     Defendants acted as property managers for the Property from 2015 through 2021. As property managers, Defendants had a duty of care to Plaintiff to properly manage, maintain and preserve the Property.

53.     Defendants failed to provide proper maintenance of the Property, resulting in, inter alia, (i) serious and persistent water leaks and mold infestations; (ii) defective heating and air conditioning systems; (iii) mice, pest and bed bug infestations; (iv) holes and cracks in walls; (v) defective electrical outlets; (vi) loose and peeling paint; (vii) missing smoke detectors; (viii) missing carbon monoxide alarms; and (ix) defective and broken door locks on the Property.. Defendants also engaged in discriminatory conduct against tenants and potential tenants.

54.     Defendants breached their duty of care to Plaintiff by failing to properly manage, maintain and preserve the Property.

55.     Defendants' failure to properly manage the Property was wanton and willful, and evidenced utter indifference to the rights of the Plaintiff as if such rights did not exist. Defendants' failure to properly manage the Property was an intentional failure to perform their manifest duty in reckless disregard for the consequences of their conduct. Defendants' conduct constitutes gross negligence.

56.     On July 1, 2021, the District filed its Complaint for Violation of the Tenant Receivership Acy and Consumer Protection Procedures Act in the Civil Case. The District's claims against Plaintiff in the Civil Case arise from and are based upon the Defendant's failure to provide management services as required under the Management Agreement. The District seeks damages against Plaintiff in excess of $20,000,000.00 for such violations.

57.     Based upon Defendant' negligence in failing to properly manage, maintain and preserve the Property, Defendants are liable to Plaintiff for contribution for all damages awarded to the District against Plaintiff in the Civil Case.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.      **ORDER** that judgment be entered on behalf of Plaintiff in the amount of not less than $20,000,000.00, against Defendants Vantage and Edgewood jointly and severally, plus interest, fees, and costs; and

B. **ORDER** that Plaintiff be awarded reasonable attorney's fees against Defendants Vantage Management, Inc., and Edgewood Management Corporation, as incurred in this matter; and

C. **ORDER** such other and further relief as is just and appropriate.

## Count V
## VICARIOUS LIABILITY

58.     Plaintiff incorporates all prior paragraphs as if set forth herein, into this Count, and further states, as follows:

59.      Upon information and belief, at all times relevant hereto, Defendant Vantage had no employees, staff, or personal property to enable it to provide services under the Management Agreement. Defendant Vantage was also inadequately capitalized and held *de minimis* assets, if any, at all times relevant hereto. All interactions of Plaintiff with Management Company was with Edgewood employees and correspondence was from Edgewood email addresses.

60.     Upon information and belief, at all times relevant hereto, Defendant Vantage's finances, policies and business practices were dominated and controlled by Defendant Edgewood's leaders, owners, and Board of Directors, such that Defendant Vantage had no separate authority or existence of its own. Defendant Vantage also routinely disregarded corporate formalities, based

14

on its lack of employees or staff.

61. Defendant Edgewood directed all actions of Vantage, retained Vantage as an entity to perform services, paid all obligations associated with Vantage and, therefore, is vicariously liable for the actions of Vantage.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A. **ORDER** that judgment be entered on behalf of Plaintiff in the amount of not less than $20,000,000.00, against Defendants Vantage and Edgewood plus interest, fees, and costs; and further,

B. **ORDER** that Plaintiff be awarded reasonable attorney's fees against Defendants Vantage and Edgewood, as incurred in this matter; and

C. **ORDER** such other and further relief as is just and appropriate.

## <u>Count VI</u>
### <u>TORTIOUS INTERFERENCE WITH CONTRACT.</u>

62. Plaintiff incorporates all prior paragraphs as if set forth herein, into this Count, and further states, as follows:

63. Upon information and belief, at all times relevant hereto, Defendant Vantage was a named party to the Management Agreement.

64. Defendant Edgewood was fully aware of the contract and acted in a way, providing inadequate personnel, and supervision to cause Vantage to breach its contract.

65. Defendant Edgewood knew that its actions were substantially likely to cause Vantage to breach its contract with the Plaintiff. Defendant Vantage was also inadequately capitalized and held *de minimis* assets, if any, at al

66. As a result of the actions of Edgewood in causing Vantage to breach its contract, Plaintiff sufferance losses due to claims by the District of Columbia, diminution in value of the

15

Property and decreased rental income.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

      **A. ORDER** that judgment be entered on behalf of Plaintiff in the amount of not less than $20,000,000.00, against Defendant Edgewood plus interest, fees and costs.

   **B. ORDER** that Plaintiff MP PPH, LLC be awarded reasonable attorney's fees against Defendant Edgewood as incurred in this matter; and

   **C. ORDER** such other and further relief as is just and appropriate.

## Count VII
## GROSS NEGLIGENCE

67.    Plaintiff incorporates all prior paragraphs as if set forth herein, into this Count, and further states, as follows:

68.    Defendants acted as property managers for the Property from 2015 through 2021. As property managers, Defendants had a duty of care to Plaintiff to properly manage, maintain and preserve the Property.

69.    Plaintiff has been charged by the District with failure to provide proper maintenance of the Property, resulting in, inter alia, (i) serious and persistent water leaks and mold infestations; (ii) defective heating and air conditioning systems; (iii) mice, pest and bed bug infestations; (iv) holes and cracks in walls; (v) defective electrical outlets; (vi) loose and peeling paint; (vii) missing smoke detectors; (viii) missing carbon monoxide alarms; and (ix) defective and broken door locks on the Property. All such charges are the result of the negligent actions and inactions of the Defendants. Defendants also engaged in discriminatory conduct against tenants and potential tenants.

70.    Defendants breached their duty of care to Plaintiff by failing to properly manage, maintain and preserve the Property and to keep Plaintiff apprised pf developments on the Property.

71.     Defendants' failure to properly manage the Property was wanton and willful, and evidenced utter indifference to the rights of the Plaintiff as if such rights did not exist. Defendants' failure to properly manage the Property was an intentional failure to perform their manifest duty in reckless disregard for the consequences of their conduct. Defendants' conduct constitutes gross negligence.

72.     Plaintiff incurred damages as a direct and proximate result of Defendants' gross negligence in the form of claims against the Plaintiff by the District, loss of rental income, loss of use of portions of the property and deterioration of the value of the Property.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

**B.      ORDER** that judgment be entered on behalf of Plaintiff MP PPH, LLC in the amount of not less than $20,000,000.00, against Defendants Vantage Management, Inc., and Edgewood Management Corporation, jointly and severally, plus interest, fees and costs; and further,

**B.    ORDER** that Plaintiff be awarded reasonable attorney's fees against Defendants Vantage and Edgewood as incurred in this matter; and

**C.   ORDER** such other and further relief as is just and appropriate.

## Count VIII
### FRAUD

73.     Plaintiff incorporates all prior paragraphs as if set forth herein, into this Count, and further states, as follows:

74.      Upon information and belief, at all times relevant hereto, Defendant Vantage had no employees, staff, or personal property to enable it to provide services under the Management Agreement. Defendant Vantage was also inadequately capitalized and held *de minimis* assets, if any, at all times relevant hereto

17

75. Plaintiff was fraudulently induced to enter into a contract with Vantage. Vantage's situation was never disclosed, and Plaintiff was led to believe that it was a functioning competent company.

76. After entry into the contract. Defendant Edgewood directed all actions of Vantage,

77. After inducing Plaintiff to enter into this contract. Edgewood managed Vantage in an incompetent, inadequate fashion, believing that it was safe from repercussions, because it was not the contracting party and had schemed to be protected.

78. Defendants actively concealed from Plaintiff the contents and existence of a 2020 subpoena served on them from the District of Columbia asserting problematic conditions at the Project thereby causing actual damage to the Plaintiff, which continued to retain Defendants without knowledge of their performance issues.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.    **ORDER** that judgment be entered on behalf of Plaintiff in the amount of not less than $20,000,000.00, against Defendants Vantage and Edgewood plus interest, fees, and costs; and further,

B. **ORDER** that Plaintiff be awarded reasonable attorney's fees against Defendants Vantage and Edgewood, as incurred in this matter; and

C. **ORDER** that Plaintiff be awarded punitive damages.

D. **ORDER** such other relief as is just and appropriate.

Dated:  June 28, 2024                 Respectfully submitted,

McNAMEE, HOSEA, P.A.

/s/ Janet M. Nesse_____
Mark W. Schweitzer (#451459)
Janet M. Nesse (#35814)
Christopher L. Hamlin (#04597)
McNamee Hosea, P.A.,
 6404 Ivy Lane, Suite 820
 Greenbelt, MD 20770
 mschweitzer@mhlawyers.com
 jnesse@mhlawyers.com
 chamlin@mhlawyers.com

Attorneys for Plaintiff MP PPH, LLC

# United States Bankruptcy Court for
# the District of Columbia

In re:  MP PPH LLC

Bankruptcy Case No: 23-00246-ELG

Debtor

Chapter: 11

MP PPH LLC

Plaintiff

v.

Edgewood Management Company

Adv. Proceeding No:    24-10022-ELG

**Scheduling Conference: 9/4/2024 at 10:00**

Defendant

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to complain within 35 days.

| Address of the Clerk: | Clerk's Office |
| --- | --- |
| | U.S. Bankruptcy Court |
| | 333 Constitution Avenue NW |
| | Washington, DC 20001 |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and address of Plaintiff's Attorney: | Janet M. Nesse |
| --- | --- |
| | McNamee Hosea, P.A., |
| | 6404 Ivy Lane |
| | Ste 820 |
| | Greenbelt, MD 20770 |

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a scheduling conference in this matter will be held in Courtroom 1 and via Zoom (email Aimee_Mathewes@dcb.uscourts.gov for meeting information)  on  9/4/2024 at 10:00 AM.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

Angela Caesar
Clerk of the Bankruptcy Court

7/2/2024
Date

By:____/s/ Aimee Mathewes_____
Deputy Clerk

## CERTIFICATE OF SERVICE

I, _Theresa Mackey_ (name), certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this summons and a copy of the complaint was made _7-3-24_ (date) by:

☑ Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:
_VANTAGE MANGEMENT, c/o CT Corporation System 1015 15th Street, N.W, Suite 1000, Washington, DC 20005_

☐ Personal Service: By leaving the process with defendant or with an officer or agent of the defendant at:

☐ Residence Service: By leaving the process with the following adult at:

☐ Publication: The defendant was served as follows: [Describe briefly]

☐ State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]                                        (name of state)

Under penalty of perjury, I declare the foregoing is true and correct

_7-3-24_
Date

_[signature]_
Signature

Print Name _Theresa Mackey_
_6404 Ivy Lane, Suite 820_
Business Address
_Greenbelt_                    _Maryland_          _20770_
City                              State              Zip

## United States Bankruptcy Court for
## the District of Columbia

| | |
|---|---|
| In re: MP PPH LLC | Bankruptcy Case No: 23-00246-ELG |
| Debtor | Chapter: 11 |

| | |
|---|---|
| MP PPH LLC | |
| Plaintiff | |
| v. | Adv. Proceeding No: 24-10022-ELG |
| Vantage Management, Inc. | **Scheduling Conference: 9/4/2024 at 10:00** |
| Defendant | |

### SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to complain within 35 days.

| | |
|---|---|
| Address of the Clerk: | Clerk's Office<br>U.S. Bankruptcy Court<br>333 Constitution Avenue NW<br>Washington, DC 20001 |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| | |
|---|---|
| Name and address<br>of Plaintiff's Attorney: | Janet M. Nesse<br>McNamee Hosea, P.A.,<br>6404 Ivy Lane<br>Ste 820<br>Greenbelt, MD 20770 |

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a scheduling conference in this matter will be held in Courtroom 1 and via Zoom (email Aimee_Mathewes@dcb.uscourts.gov for meeting information) on 9/4/2024 at 10:00 AM.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

Angela Caesar
Clerk of the Bankruptcy Court

| | |
|---|---|
| 7/2/2024 | By: /s/ Aimee Mathewes |
| Date | Deputy Clerk |

## CERTIFICATE OF SERVICE

I, **Theresa Mackey** (name), certify that I am, and at all times during the
service of process was, not less than 18 years of age and not a party to the matter concerning which
service of process was made. I further certify that the service of this summons and a copy of the
complaint was made **7-3-24** (date) by:

[✓] Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:
**Edgewood MANAGEMENT Corporation
C/O CT Corporation System, 1015 15th Street, N.W.,
Suite 1000, Washington, D.C. 20005**

[ ] Personal Service: By leaving the process with defendant or with an officer or agent of the
defendant at:


[ ] Residence Service: By leaving the process with the following adult at:


[ ] Publication: The defendant was served as follows: [Describe briefly]


[ ] State Law: The defendant was served pursuant to the laws of the State of _____,
as follows: [Describe briefly]                                                        (name of state)


Under penalty of perjury, I declare the foregoing is true and correct.


_____          _____
Date                          Signature

Print Name **Theresa Mackey
6404 Ivy Lane, Suite 820**
Business Address
**Greenbelt                    Maryland          20770**
City                          State             Zip

GREENSTEIN DELORME & LUCHS, P.C.
Richard W. Luchs (DC Bar #243931)
Alexandria J. Smith (DC Bar #1781067)
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400; Fax (202) 452-1410
Email: rwl@gdllaw.com; ajs@gdllaw.com
*Counsel for Vantage Management Inc.*
*and Edgewood Management Corporation*

## In The United States Bankruptcy Court
## For the District of Columbia

| | |
|---|---|
| In Re: | Case No. 23-00246 ELG |
| MP PPH, LLC | Chapter 7 |
| *Debtor.* | |
| MP PPH, LLC, | |
| *Plaintiff,* | |
| v. | |
| Vantage Management Inc., et al. | Adv. Pro. No. 24-10022-ELG |
| *Defendant.* | |

## STIPULATION EXTENDING THE DEADLINE TO FILE ANSWER OR OTHERWISE RESPOND

The Parties have agreed that the deadline to reply or otherwise respond to the Complaint

shall be August 16, 2024, which date may be extended by further agreement of the Parties or

order of the Court:

1.      This Stipulation may be executed in counterparts, each of which shall be deemed

an original but all of which together shall constitute one and the same instrument.  A signature

transmitted by facsimile or other electronic copy shall be deemed an original signature for

purposes of this Stipulation.

2.      This Stipulation contains the entire agreement by and among the Parties with

response to the Reply Deadline, and all prior understandings or agreements, if any, are merged

into this Stipulation.

3.      The undersigned counsel hereby attest that they are duly authorized by their

respective clients to enter into this Stipulation.

4.      This Stipulation may be changed, modified, or otherwise altered in a writing

executed by the Parties.  Oral modifications are not permitted.

5.      This Stipulation shall be effective immediately upon execution by the Parties.

6.      The Court shall retain jurisdiction to hear any matters or disputes arising from or

relating to this Stipulation.

**SEEN AND CONSENTED TO:**

MᴄNᴀᴍᴇᴇ Hᴏsᴇᴀ, P.A.

__/s/ Janet Nesse_____
Janet M. Nesse (DC Bar 358514)
McNamee Hosea, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420
jnesse@mhlawyers.com
*Counsel to MP PPH, LLC*

- and -

Gʀᴇᴇɴsᴛᴇɪɴ DᴇLᴏʀᴍᴇ & Lᴜᴄʜs, P.C.

_/s/ Alexandria Smith_____
Richard W. Luchs (DC Bar #243931)
Alexandria J. Smith (DC Bar #1781067)
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400; Fax (202) 452-1410
Email: rwl@gdllaw.com; ajs@gdllaw.com
*Counsel for Vantage Management Inc.*
*and Edgewood Management Corporation*

## Cᴇʀᴛɪꜰɪᴄᴀᴛᴇ ᴏꜰ Sᴇʀᴠɪᴄᴇ

I Hᴇʀᴇʙʏ Cᴇʀᴛɪꜰʏ that on this 30th day of July, 2024, a true copy of the foregoing

Stipulation Extending the Deadline to File an Answer or Otherwise Respond was served

electronically and a Notice of Electronic filing should be sent to all persons receiving notices via

the Court's CM/ECF system.

/s/ Alexandria J. Smith_____
Alexandria J. Smith

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MP PPH, LLC,

     *Plaintiff,*

     *-vs-*

VANTAGE MANAGEMENT INC. and
EDGEWOOD MANAGEMENT CORPORATION,

     *Defendants.*

Civil No. _____

## [PROPOSED] ORDER

Upon consideration of Defendants' Motion for Withdrawal of the Reference ("Motion"), any Opposition thereto, and for cause shown,

It is hereby ORDERED that the Motion is granted, and all further proceedings in this matter will be conducted in this Court.

SO ORDERED.

_____

United States District Court Judge

Serve:

Mark W. Schweitzer
Janet M. Nesse
Christopher L. Hamlin
**MᴄNᴀᴍᴇᴇ Hᴏsᴇᴀ, P.A.**
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
mschweitzer@mhlawyers.com
jnesse@mhlawyers.com
chamlin@mhlawyers.com
*Counsel to MP PPH, LLC*

Gabriela Richeimer
**Wᴇʀɴᴇʀ Aʜᴀʀɪ Mᴀɴɢᴇʟ LLP**
2112 Pennsylvania Avenue, NW, Suite 200
Washington, District of Columbia 20037
(202) 599-1092
gricheimer@wam.law

Richard W. Luchs
Alexandria J. Smith
**Gʀᴇᴇɴsᴛᴇɪɴ DᴇLᴏʀᴍᴇ & Lᴜᴄʜs, P.C.**
801 17th Street, NW, Suite 1000
Washington, D.C. 20006
rwl@gdllaw.com
ajs@gdllaw.com

*Counsel for Vantage Management Inc.*
*and Edgewood Management Corporation*

Gabriela Richeimer (DC Bar No. 462520)
Werner Ahari Mangel LLP
2112 Pennsylvania Avenue, NW
Suite 200
Washington, District of Columbia 20037
(202) 599-1092
gricheimer@wam.law
*Counsel for Defendants Vantage Management Inc.*
*and Edgewood Management Corporation*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE:<br><br>MP PPH, LLC<br><br>    *Debtor.* | Case No. 23-00246 ELG<br><br>Chapter 11 |
| MP PPH, LLC,<br><br>    *Plaintiff,*<br><br>    *-vs-*<br><br>VANTAGE MANAGEMENT INC. and<br>EDGEWOOD MANAGEMENT CORPORATION,<br><br>    *Defendants.* | Adv. Pro. No. 24-10022-ELG |

## CORPORATE OWNERSHIP STATEMENT FOR
## DEFENDANT VANTAGE MANAGEMENT INC.

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1, Defendant Vantage

Management Inc. ("Vantage") identifies its parent company as Edgewood Holding Corporation.

No publicly traded company owns any percentage of Vantage's stock.

**WERNER AHARI MANGEL LLP**

By:_____ */s/ Gabriela Richeimer*
    Gabriela Richeimer (DC Bar No. 462520)

2112 Pennsylvania Avenue, NW
Suite 200
Washington, District of Columbia 20037
(202) 599-1092
gricheimer@wam.law
*Counsel for Defendants Vantage Management Inc.*
*and Edgewood Management Corporation*

## CERTIFICATE OF SERVICE

I certify that on this 8th day of August, 2024, a true copy of the foregoing Corporate

Disclosure Statement for Defendant Vantage Management Inc. was served electronically and a

Notice of Electronic filing should be sent to all persons receiving notices via the Court's

CM/ECF system.

_____ */s/ Gabriela Richeimer*
    Gabriela Richeimer

Gabriela Richeimer (DC Bar No. 462520)
Werner Ahari Mangel LLP
2112 Pennsylvania Avenue, NW
Suite 200
Washington, District of Columbia 20037
(202) 599-1092
gricheimer@wam.law
*Counsel for Defendants Vantage Management Inc.*
*and Edgewood Management Corporation*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>MP PPH, LLC<br><br>*Debtor.* | Case No. 23-00246 ELG<br><br>Chapter 11 |
| MP PPH, LLC,<br><br>*Plaintiff,*<br><br>-*vs*-<br><br>VANTAGE MANAGEMENT INC. and<br>EDGEWOOD MANAGEMENT CORPORATION,<br><br>*Defendants.* | Adv. Pro. No. 24-10022-ELG |

## CORPORATE OWNERSHIP STATEMENT FOR
## DEFENDANT EDGEWOOD MANAGEMENT CORPORATION

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1, Defendant Edgewood

Management Corporation ("Edgewood") identifies its parent company as Full Circle Real Estate

Partners, LLC. No publicly traded company owns any percentage of Edgewood's stock.

**WERNER AHARI MANGEL LLP**

By: _____ /s/ *Gabriela Richeimer* _____
    Gabriela Richeimer (DC Bar No. 462520)

2112 Pennsylvania Avenue, NW
Suite 200
Washington, District of Columbia 20037
(202) 599-1092
gricheimer@wam.law
*Counsel for Defendants Vantage Management Inc.*
*and Edgewood Management Corporation*

<u>**CERTIFICATE OF SERVICE**</u>

    I certify that on this 8th day of August, 2024, a true copy of the foregoing Corporate

Disclosure Statement for Defendant Edgewood Management Corporation was served

electronically and a Notice of Electronic filing should be sent to all persons receiving notices via

the Court's CM/ECF system.

                   */s/ Gabriela Richeimer* _____
                   Gabriela Richeimer

Gabriela Richeimer (DC Bar No. 462520)
Werner Ahari Mangel LLP
2112 Pennsylvania Avenue, NW
Suite 200
Washington, District of Columbia 20037
(202) 599-1092
gricheimer@wam.law
*Counsel for Defendants Vantage Management Inc.*
*and Edgewood Management Corporation*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: | Case No. 23-00246 ELG |
| MP PPH, LLC, | Chapter 11 |
| *Debtor.* | |
| MP PPH, LLC, | |
| *Plaintiff,* | |
| -*vs*- | Adv. Pro. No. 24-10022-ELG |
| VANTAGE MANAGEMENT INC. and EDGEWOOD MANAGEMENT CORPORATION, | |
| *Defendants.* | |

## STIPULATION EXTENDING CERTAIN DEADLINES

The parties to this adversary proceeding have agreed to extend certain deadlines as professional courtesy and given press of other business, such that: (1) Defendants' deadline to

plead or otherwise respond to the Complaint (Dkt. 1) shall be extended to September 3, 2024; and (2) Plaintiff's deadline to respond to Defendants' Motion for Withdrawal of the Reference (Dkt. 9 as amended Dkt. 12) shall be extended to September 13, 2024. These dates may be extended by further agreement of the parties or for good cause by order of the Court.

In further support, the Parties agree and state:

1.      On June 28, 2024, Plaintiff filed this adversary proceeding, and the summons were sent via mail to Defendants' registered agents on or about July 3, 2024.

2.      Defendants received the Complaint on or after July 8, 2024 and, through counsel, requested additional time to answer or otherwise respond.

3.      The parties filed an initial stipulation dated July 30, 2024 (Dkt. 6), agreeing to an August 16, 2024 deadline for Defendants to answer or otherwise respond to the Complaint while reserving Defendants' ability to seek more time.

4.      On August 7, 2024, Defendants filed a Motion to Withdraw the Reference (ECF No. 9 as amended Dkt.12).

5.      Defendants, through counsel, requested an additional 15-day extension of time to answer or otherwise respond to the Complaint through and including September 3, 2024 ("Complaint Response Deadline"); and Plaintiff, through counsel, requested an extension of time to respond to the Motion for Withdrawal of the Reference until September 13, 2024 ("Motion Response Deadline").

6.      The parties and their counsel agreed to Complaint Response Deadline and Motion Response Deadline and agreed to enter into this Stipulation requesting such relief from the Court.

7.      This Stipulation is entered into between the parties in good faith and will not prejudice or delay proceedings in this Court.

8.      This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  A signature transmitted by facsimile or other electronic copy shall be deemed an original signature for purposes of this Stipulation.

9.      This Stipulation contains the entire agreement by and among the Parties with respect to the Complaint Response Deadline and the Motion Response Deadline, and all prior understandings or agreements, if any, are merged into this Stipulation.

10.     The undersigned counsel hereby attest that they are duly authorized by their respective clients to enter into this Stipulation.

11.     This Stipulation shall be effective as between the parties immediately upon execution.

12.     This Stipulation may be changed, modified, or otherwise altered in a writing executed by the Parties and approved by the Court.

13.     The Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.


**WE ASK FOR THIS:**

**WERNER AHARI MANGEL LLP**

s/ Gabriela Richeimer
Gabriela Richeimer (DC Bar No. 462520)
2112 Pennsylvania Avenue, NW
Suite 200
Washington, District of Columbia 20037
(202) 599-1092
gricheimer@wam.law
*Counsel for Defendants Vantage Management Inc.*
*and Edgewood Management Corporation*

**MᴄNᴀᴍᴇᴇ Hᴏsᴇᴀ, P.A.**

s/ Janet Nesse
_____
Janet M. Nesse (DC Bar 358514)
McNamee Hosea, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420
jnesse@mhlawyers.com
*Counsel to MP PPH, LLC*

**Cᴇʀᴛɪꜰɪᴄᴀᴛᴇ ᴏꜰ Sᴇʀᴠɪᴄᴇ**

I certify that on this 9ᵗʰ day of August, 2024, a true copy of the foregoing document was

served electronically and a Notice of Electronic filing should be sent to all interested persons

receiving notices via the Court's CM/ECF system.

_____
            */s/ Gabriela Richeimer*
Gabriela Richeimer